

**GEORGIA M. PESTANA**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

AMANDA C. CROUSHORE
Labor and Employment Law Division
Phone: (212) 356-4074
Fax: (212) 356-2438
Email: acrousho@law.nyc.gov

August 17, 2021

**By ECF**

Hon. Analisa Torres
Untied States District Court Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Chalmers, et al. v. City of New York, Dkt. 20 Civ. 3389

Dear Judge Torres:

  I am an Assistant Corporation Counsel in the office of Georgia M. Pestana, Corporation Counsel for the City of New York, attorneys for Defendant the City of New York in the above-referenced case. The Court's recent Order (Dkt. No. 56) denied Plaintiffs' request for leave to file an independent motion to exclude the report and testimony of the City's expert witness, Dr. Christopher Erath, and instructed Plaintiffs to make such request, if applicable, part of their motion for class certification. Based on that Order, I write to seek clarification on one issue, namely, to ensure that Defendant is similarly permitted to raise arguments seeking the exclusion of Plaintiffs' expert witnesses' reports and testimony in Defendant's opposition to Plaintiffs' motion for class certification. Defendant's opposition brief is currently due on October 14, 2021. Plaintiffs' counsel does not object to this request.

  Defendant asserts that Plaintiffs' expert reports and testimony should be excluded because they are neither based on reliable principles or methods, nor do they consist of scientific, technical or otherwise specialized knowledge that would help the factfinder to understand the evidence or facts in the case. *See* F.R.E. 702; *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (U.S. 1993). The basis for Defendant's anticipated arguments for the exclusion of Plaintiffs' experts' report and testimony are as follows:

  Plaintiffs' experts relied on a public Department of Labor website, "O*NET" (https://www.onetonline.org/) as the primary basis for their conclusion that the jobs of a Fire Protection Inspector and an inspector for the DOB inspector are "similar"—yet they admit in their report that the data on this website is typically only a "starting point" for analysis.

(Goldstein & Scherbaum Report ("G&S Report") at pp. 21, 22). Thus, while they focused on the occupations provided on O*NET of "Fire Inspectors and Investigators" and "Construction and Building Inspectors" and compared the exceedingly broad categories on O*NET relating to the "work activities" (which includes, for example, "communicating with supervisors, peers, or subordinates"), "knowledge" (which includes "English Language"), and "skills" (which includes "Active Listening"), that overlapped for both Fire Inspectors and Investigators and Construction and Building Inspectors, they ignored deficiencies generated by this misplaced reliance.

In particular, Drs. Goldstein and Scherbaum did not check whether other job titles on O*NET also overlapped in those same work activities, knowledge and skills. They thus did not consider whether the categories included on O*NET are so broad and generalized that two occupations that have "overlapping" activities, knowledge and skills are nevertheless completely different. In fact, other inspector occupations such as Aviation Inspector, Transportation Inspectors, and Government Property Inspectors and Investigators, also overlap significantly in the same work activities as Fire Inspectors and Investigators and Construction and Building Inspectors. Yet, Drs. Goldstein and Scherbaum did not analyze why that would be or whether they would conclude that those occupations are (however illogical it may seem) also so "similar" to Fire Inspectors and Investigators that they should, according to Plaintiffs, be paid similar salaries, as is the implication (though unstated) of the G&S Reports, with respect to Fire Protection Inspectors and DOB inspectors for the City. This alone renders their report entirely unreliable.

Drs. Goldstein and Scherbaum also give weight to the fact that Fire Inspectors and Investigators and Construction and Building Inspectors are in the same "job zone" as defined by O*NET (G&S Report at p. 33), failing to check and report on the fact that other occupations in the same "job zone" include titles as diverse as "Flight Attendants," "Gambling Managers," and "Motorcycle Mechanics" (https://www.onetonline.org/find/zone?z=3&g=Go).

Moreover, Goldstein and Scherbaum note that the occupations of Fire Inspectors and Investigators and Construction and Building Inspectors are considered "related occupations" on O*NET, again ignoring that while there is some overlap between the occupations considered by O*NET to be "related" to Fire Inspectors and Investigators and Construction and Building Inspectors, other occupations considered "related" to each of these occupations are entirely different. Specifically, the "related occupations" for Fire Inspectors and Investigators include "Detectives and Criminal Investigators" and "Police and Sheriff's Patrol Officers" (https://www.onetonline.org/link/summary/33-2021.00#RelatedOccupations), which are not on the list of occupations "related" to Construction and Building Inspectors; while for Construction and Building Inspectors, O*NET states the "related occupations" include "Environmental Engineering Technologists and Technicians" and "Energy Auditors," neither of which is on the "related occupations" list for Fire Inspectors and Investigators (https://www.onetonline.org/link/summary/47-4011.00#RelatedOccupations).

Finally, Drs. Goldstein and Scherbaum did not consider evidence in the data produced by Defendant in this case that demonstrates that the occupations of Fire Protection Inspector and DOB inspector are <u>not</u> similar. Namely, as Dr. Christopher Erath, the City's expert, highlights in his report, if two jobs are similar and one pays more than the other, labor economics would expect people to move from the lesser paying similar job to the higher paying

similar job.  Yet, out of the 669 FPIs in the City's data, <u>none</u> left that position to become an inspector for DOB.  Only 12 total (1.8%), for the period 2005-2021 even took one of the requisite civil service examinations for becoming an inspector for the DOB.  This is fatal to any conceivable reliability of the G&S Reports.  They offer no explanation in rebuttal, as there is none (other than that the jobs are not similar) that could logically explain this absence of movement from the lower paying position to the higher paying position.  Instead, Plaintiffs have indicated that they intend to seek the exclusion of Dr. Erath's report—even though its relevance, reliability, and assistance to the factfinder is unquestionable, as it completely undermines both the G&S Reports and, as Defendant will assert, Plaintiffs' entire theory of this case.

   Accordingly, Defendant respectfully requests that it be permitted to include its arguments for the exclusion of the reports and testimony of Drs. Goldstein and Scherbaum under F.R.E. 702 and *Daubert*, in its opposition papers to Plaintiffs' anticipated motion for class certification.

                Respectfully submitted,

                */s/ Amanda C. Croushore*
                Amanda C. Croushore
                Assistant Corporation Counsel

cc:  All Counsel of Record (by ECF)