# EXHIBIT 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DARRYL CHALMERS, et al.,

On behalf of themselves and all others similarly situated,

                       Plaintiffs,

    -against-

CITY OF NEW YORK,

                       Defendant.
------------------------------------------------------------------X

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSIONS**

20 CV 3389 (AT)

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant responds and objects to Plaintiffs' First Set of Requests for Admissions ("Requests") as follows:

## GENERAL STATEMENT

1. By responding to any request, defendant does not concede the materiality of the subject to which it refers. Defendant's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Defendant objects to any request for admission to the extent that it demands information which is protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3. Inadvertent provision of any information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that

Request No. 6. Defendant further objects on the grounds that it has produced detailed data from the Department of Citywide Administrative Services ("DCAS") to the plaintiffs in this litigation, which provides information potentially responsive to this request, and on the grounds that a Request to Admit is not a discovery device.

**ADMISSION REQUEST NO. 12:**

American Federation of State, County and Municipal Employees ("AFSCME") District Council 37, Local 2507 ("Local 2507) is a local union affiliated with AFCSME District Council 37. Local 2507's members include FPIs, among other City employees.

**OBJECTION AND RESPONSE TO REQUEST NO. 12:**

Defendant objects to Admission Request No. 12 on the ground that it is vague as to time frame. Without waiving the foregoing objection, and construing Admission Request No. 12 to seek an admission that AFCSME District Council 37, Local 2507 currently includes FPIs among its members, defendant admits this Request.

**ADMISSION REQUEST NO. 13:**

Fire protection inspector is an entry-level position.

**OBJECTION AND RESPONSE TO REQUEST NO. 13:**

Defendant admits this Request.

**ADMISSION REQUEST NO. 14:**

Under the collective bargaining agreements ("CBAs") between Local 2507 and the City between 2004 and the present, the minimum salaries for associate fire protection inspectors have been greater than the minimum salaries for fire protection inspectors and the maximum salaries for associate fire protection inspectors have been greater than the maximum salaries for fire protection inspectors.

7