

**HON SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**LORA MINICUCCI**
*Assistant Corporation Counsel*
Labor & Employment Law Division
phone: 212-356-2078
lminicuc@law.nyc.gov

January 6, 2023

**VIA ECF**
Hon. Analisa Torres
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15D
New York, NY 10007

      Re:    *Local 2507 et. al. v. City of New York,* 22-cv-10336 (AT)("*Local 2507*"),
              *rel. Chalmers et. al v. City of New York,* 20-cv-3389 (AT)("*Chalmers*")

Dear Judge Torres:

     I am an Assistant Corporation Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, assigned to represent the Defendant in *Local 2507*. I write to respectfully request reconsideration of Your Honor's decision to accept the instant action as related to *Chalmers*.[1]

*Background*

     Your Honor is currently assigned to *Chalmers,* an action brought by fire protection inspectors and associate fire protection inspectors at the New York City Fire Department ("FDNY") who allege that the City of New York racially discriminated against them by paying them less than building inspectors at the New York City Department of Buildings ("DOB"). The Plaintiffs in *Chalmers* brought disparate treatment claims under 42 U.S.C. § 1981, 42 U.S.C. § 1983 ("§ 1983"), Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-1 et. seq. ("Title VII") and the New York City Human Rights Law ("NYCHRL"), and disparate impact claims under Title VII and the NYCHRL.

     By contrast, in the instant action, Plaintiffs are current and former employees of the Emergency Medical Services ("EMS") bureau of FDNY and their union, who claim that they are being discriminated against on the basis of race and sex with respect to pay, benefits, and terms and conditions of employment because they are paid less that FDNY firefighters for performing

---

[1] Defendant intends to request a 60-day extension of its time to respond to the Complaint after a decision on relatedness is made. Plaintiffs consent to this extension of time.

substantially similar work. In the instant action, Plaintiffs bring disparate treatment and impact claims under Title VII, § 1983, the New York State Human Rights Law ("NYSHRL") and the NYCHRL. As set forth more fully below, other than the overlap in types of claims brought and the union bringing them, there are no similarities between the two cases which justify designated them as related.

*Standard for Determining Relatedness*

The standard applicable to a District Judge's determination of whether cases are related is outlined in Rule 13 of the Rules for the Division of Business Among District Judges in the Southern District. Subsection (a)(1) of Rule 13 provides that,

> a judge will consider whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses.

As set forth below, none of these elements are met here.

*The Cases Do Not Involve the Same Parties or Transactions*

While the instant action is brought by members of the same union as *Chalmers* against the City, the parties are not the same or substantially similar. Class plaintiffs in *Chalmers* are FDNY fire protection inspectors while the putative class plaintiffs in *Local 2507* are EMS workers.

*There is no Factual Overlap Between the Two Cases*

In addition to the fact that the putative class plaintiffs are different in both cases, there is also is no similarity in the transactions or events at issue in these cases. The issues raised in *Chalmers* include whether fire protection inspectors at FDNY and building inspectors at DOB do substantially similar work such that they should be compensated similarly. The issues in the instant action include whether FDNY EMS workers and firefighters do substantially similar work. There is no factual overlap between those two issues—the work of inspectors for FDNY and DOB is not related to and does not in any way overlap with the work of EMS workers or firefighters. Their duties and responsibilities are entirely different. Moreover, the composition of the workforces in both cases is entirely different, as are the sample sizes—i.e., there are thousands more firefighters and EMS workers than there are building inspectors. And, critically, there are no sex discrimination claims in *Chalmers*.

*There is No Danger of Conflicting Orders*

Given that, as noted above, the job titles to be compared in both cases are entirely different, there is no danger here that the parties will be subject to conflicting orders. For example, were the Court to determine in *Chalmers* that DOB and FDNY inspectors are performing substantially similar work (or, alternatively, that they are not), such a decision would not be in conflict with an analogous determination by the Court concerning the titles in *Local 2507*.

*There Will Be No Duplication of Effort and Expense, Delay, or Undue Burden*

Removing the relatedness designation from these cases would not cause a substantial duplication of effort and expense because, as noted above, the factual issues to be resolved in both cases are starkly different.

In *Chalmers*, the court's determinations will rest on the racial composition of two groups of inspectors from two different agencies (FDNY and DOB) and whether those two positions require the same qualifications and perform the same tasks. The questions in the instant action will revolve around, among other things, the racial *and* sex composition of firefighters and EMS workers and whether the qualifications to become an EMS worker are the same as those to become a firefighter and whether they perform substantially similar work. These determinations will require a completely separate factual and statistical analyses.

Plaintiffs' application to mark the instant action and *Chalmers* as related notably fails to mention any of these facts. Plaintiffs also inaccurately state that the cases will involve the same statistical analysis. Nothing could be further from the truth. In the present case, the statistical analysis and factual determinations will be based on completely different titles (i.e. the EMS worker titles and firefighter titles), and workforces of substantially different sizes. Indeed, as previously noted, there are thousands more firefighters and EMS workers, than fire and building inspectors. This will require entirely separate data collections and statistical analyses. Discovery about the tasks and standards in both positions will also be entirely different. Thus, no judicial resources would be saved by assigning this case to the same judge and magistrate judge as in *Chalmers*.

Accordingly, Defendant respectfully requests that Your Honor rescind the decision to mark *Chalmers* and the instant case as related and return this case to the Clerk's Office for random assignment.

Respectfully Submitted,<br>
/s/<br>
Lora Minicucci<br>
Assistant Corporation Counsel

CC: all parties via ECF