UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARRYL CHALMERS, DARREN CONNORS, GLENN MENDEZ, JAMES NOVA, FATIMA Q. ROSEMOND, and AFSCME DISTRICT COUNCIL 37 LOCAL 2507, | Case No. 20 Civ. 3389 (AT) |
| Plaintiffs, | |
| And | |
| BRANDEN BOWMAN and SEBASTIAN STACK, | |
| Intervenors-Plaintiffs, | |
| v. | |
| THE CITY OF NEW YORK, | |
| Defendant. | |

**REVISED STIPULATION OF CLASS ACTION SETTLEMENT AND
REVISED PROPOSED PRELIMINARY ORDER OF APPROVAL**

Subject to approval by the United States District Court for the Southern District of New York, this Stipulation of Settlement sets forth the terms by which Darryl Chalmers, Darren Connors, Glenn Mendez, James Nova, Fatima Rosemond, Branden Bowman, Sebastian Stack, and AFSCME District Council 37 Local 2507 have settled their claims against the City of New York on behalf of themselves and two classes as defined below.

## I.     DEFINITIONS

I.1.    "Action" means this certified class action or lawsuit.

I.2.    "Administrator" means the entity that will administer the Settlement and the QSF. It is the parties' intention that Settlement Services, Inc. (a wholly owned subsidiary of Epiq Systems Inc.) ("SSI") shall serve as the Administrator. However, if for any reason SSI does not become or continue as the Administrator, the Parties will work together to identify another Administrator and ask the Court to approve it.

I.3.    "All Counsel" means Class Counsel and the City's Counsel.

I.4.    "CBI" means Construction Building Inspectors in the City's Department of Buildings ("DOB").

I.5.    "Certified Class" means all persons who have been employed by the City as Fire Protection Inspectors and Associate Fire Protection Inspectors in the Fire Department of the City of New York at any time between May 1, 2017, three years prior to the filing of this Complaint and September 19, 2022, the date the class was certified. ECF No. 62, at 2; ECF No. 98.

I.6.    "Certified Class Representatives" means Darryl Chalmers, Darren Connors, Glenn Mendez, James Nova, and Fatima Q. Rosemond.

I.7.    "Checks" means the settlement checks mailed out to Settlement Class Members by the Administrator.

2

I.8.    "City" means the City of New York.

I.9.    "City's Counsel" means all lawyers who enter a notice of appearance for the City in the Action and have not withdrawn.

I.10.    "Class Counsel" means Damages Counsel and Pay Adjustment Counsel.

I.11.    "Class Distributions" means the distributions to be made from the QSF (a) to Settlement Class members (the "Checks") in 2025 within ten days after the City informs the Administrator of NYCERS' determination of the amount of each Settlement Class member's pension contribution and (b) to the Expert and Administrator to the extent they have not been paid prior to the Class Distributions.

I.12.    "Complaint" means the Complaint (ECF No. 1) and Amended Complaint (ECF No. 69) filed in this Action.

I.13.    "Damages Class" means all persons whom the City employed as an FPI at any time between May 1, 2017 and August 31, 2023.

I.14.    "Damages Class Amount" means the Settlement Class Amount minus the payments to Pay Adjustment Class members.

I.15.    "Damages Counsel" means the firms of Mehri & Skalet, PLLC and Valli Kane & Vagnini LLP."

I.16.    "Damages Plaintiffs" means Darryl Chalmers, Darren Connors, Glenn Mendez, James Nova, and Fatima Rosemond.

I.17.    "Effective Date" means the first date by which all of the following events have occurred: (i) this Revised Stipulation of Settlement has been executed by the Plaintiffs and All Counsel; (ii) the Administrator has sent the Notice to all members of the Settlement Classes to the extent required; (iii) the Court has held the Fairness Hearing and entered a final order approving this Revised Stipulation of Settlement and ruling on Damages Class Counsel's

application for attorneys' fees and expenses and request for service awards; and (iv) the later of the following events has occurred: 30 days after entry of an order by the District Court granting final approval to the Settlement, if there are no appeals; or, if the Court's decision granting final approval of the Settlement is appealed, the day after all appeals are finally resolved in favor of final approval.

I.18.    "Expert" means the neutral expert engaged for purposes of calculating awards. Dr. Charles Scherbaum shall serve as the Expert unless and until replaced by agreement of All Counsel.

I.19.    "FDNY" means the Fire Department of the City of New York.

I.20.    "FPIs" means Fire Protection Inspectors and Associate Fire Protection Inspectors in the FDNY.

I.21.    "Fairness Hearing" means the hearing to be conducted by the Court to consider whether to approve the Settlement as fair, reasonable, and adequate for members of each Settlement Class and to grant or modify Plaintiffs' request for service awards and for an award of attorneys' fees and expenses.

I.22.    "Local 2507" means AFSCME District Council 37 Local 2507.

I.23.    "Notice" means the "Notice of Proposed Settlement" attached as Exhibit A hereto which must be sent to all members of the Settlement Classes.

I.24.    "NYCERS" means the New York City Employee's Retirement System.

I.25.    "NYCHRL" means the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-107 *et seq*.

I.26.    "Opt-Out Period" means the 60 days after Notice is mailed to the members of the Settlement Classes.

I.27.    "Parties" means the Plaintiffs and the City.

I.28.    "Pay Adjustment Class" means all persons who have served as a fire protection inspector or associate fire protection inspector in the FDNY at any time between September 1, 2023, and February 14, 2025, except that persons who are attending the Fire Protection Academy during the Pay Adjustment Period must graduate before becoming a Pay Adjustment class member.

I.29.    "Pay Adjustment Counsel" means the firm of Gladstein, Reif & Meginniss, LLP.

I.30.    "Pay Adjustment Letter" means the letter to be sent by the Administrator to each Pay Adjustment Class Member, the form of which is attached as Exhibit B.

I.31.    "Pay Adjustment Period" means September 1, 2023, through February 14, 2025.

I.32.    "Pay Adjustment Plaintiffs" means Branden Bowman and Sebastian Stack.

I.33.    "Plaintiffs" means Damages Plaintiffs, Pay Adjustment Plaintiffs, and Local 2507.

I.34.    "Preliminary Approval" means the date on which the Court issues an Order preliminarily approving the Revised Stipulation of Settlement and tentatively approving the Settlement Classes.

I.35.    "Preliminary Approval Order" means the proposed Order for Preliminary Approval attached hereto as Exhibit D.

I.36.    "QSF" means a Qualified Settlement Fund and refers to an account created in accordance with and pursuant to 26 C.F.R. §§ 1.468B- 1, *et seq.*

I.37.    "Released Claims" means all claims of racial discrimination in compensation that were pled or could have been pled arising out of the facts and circumstances set out in the Complaint within the time period for each Settlement Class Member set out in paragraph IX.1 below, including under Title VII, Sections 1981 and 1983, and the NYCHRL.

I.38.    "Representatives' Distributions" means the distributions to be made from the QSF within 30 days after the Effective Date in the amounts that the Court awards to service award recipients and to Damages Counsel.

I.39.    "Sections 1981 and 1983" mean the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983.

I.40.    "Settlement" means the terms of the Revised Stipulation of Settlement as they may be implemented by the Parties and the Court.

I.41.    "Settlement Amount" is $29,907,500.00.

I.42.    "Settlement Class Amount" is the Settlement Amount plus interest earned by the QSF minus Damages Class Counsel's fees and expenses, service awards to Certified Class Representatives and one class member, and payments to the Administrator and the Expert for their reasonable fees and expenses.

I.43.    "Settlement Classes" means the Damages Class and the Pay Adjustment Class.

I.44.    "Settlement Class Members" means the members of the Damages Class and/or the Pay Adjustment Class.

I.45.    "Settlement Timeline" means the document attached hereto as Exhibit C that sets forth the timeline of events from after the parties' execution of this Revised Stipulation through the conclusion of the administrative process.

I. 46. "Tax Payment" means the payment(s) to be made by the City into the QSF account to pay the employer's share of employment taxes associated with the backpay portion of the awards to Settlement Class Members.

I.47.    "Title VII" means Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*.

## II.    PRELIMINARY AND FINAL APPROVAL OF THE SETTLEMENT AND SETTLEMENT CLASSES

II.1.    Plaintiffs shall file an unopposed motion for preliminary approval of the Settlement within seven days after this Revised Stipulation of Settlement is signed. Plaintiffs shall file this Revised Stipulation with the motion. The proposed Notice will be attached as Exhibit A, the proposed Pay Adjustment Letter will be attached as Exhibit B, the proposed Settlement Timeline will be attached as Exhibit C, and the proposed Preliminary Approval Order will be attached as Exhibit D. The motion will ask the Court to enter the Preliminary Approval Order or a substantially similar Order that will:

a.    Approve the Notice, and Pay Adjustment Letter as to form and content;

b.    Set the deadline for submitting comments/objections or for opting out;

c.    Direct the mailing of the Notice by United States first-class mail and email (if known) to the Settlement Class Members who are then known and the establishment of a website providing information about this Settlement for the Settlement Class Members;

d.    Appoint SSI as Administrator;

e.    Appoint Dr. Charles Scherbaum as the Expert;

f.    Preliminarily approve the Damages Class and the Pay Adjustment Class, tentatively appoint the Damages Plaintiffs as representatives of the Damages Class, Damages Counsel as counsel for the Damages Class, the Pay Adjustment Plaintiffs as representatives of the Pay Adjustment Class, and Pay Adjustment Counsel as counsel for the Pay Adjustment Class;

g.    Preliminarily approve the Settlement;

h.    Enjoin any individual from filing or prosecuting any claims, suits, or administrative proceedings regarding claims to be released by this Settlement unless the individual has opted-out of this Settlement; and

     i.     Schedule the Fairness Hearing [on or soon after 110 days after preliminary approval] on the questions of whether the proposed Settlement and Settlement Classes should be approved and whether the requests for attorneys' fees and expenses and for service awards should be granted.

II.2.     Plaintiffs shall file a motion for Final Approval of the Revised Stipulation of Settlement on or before 14 days before the Fairness Hearing, to seek final approval of that which was preliminarily approved. The memorandum in support of the motion shall address the efficacy of Notice as well as any opt outs, objections and comments. The Fairness Hearing shall be held at the United States Courthouse for the Southern District of New York at 500 Pearl Street, NY, NY 10007-1312 in Courtroom 15 D at a date set by the Court, but not less than 110 days after preliminary approval.

II.3.     On September 19, 2022, the Court certified the Certified Class pursuant to Fed. R. Civ. P. 23(b)(3), designated the Damages Plaintiffs as class representatives, and designated Damages Counsel as class counsel. The Certified Class did not include the concept of the Pay Adjustment Class. That concept emerged during the settlement negotiations subsequent to the certification of the class.

II.4.     For purposes of this Revised Settlement, there shall be two Settlement Classes: the Damages Class, which is equivalent to the Certified Class except that, instead of ending on September 19, 2022, the Damages Class definition ends on August 31, 2023; and the Pay Adjustment Class. Both Settlement Classes will seek certification under Rule 23(b)(3) with optout rights.

### III.    CITY'S PAYMENTS TO THE QSF AND ADMINISTRATION OF THE QSF

III.1.    The Administrator shall take necessary steps to establish a QSF at a depository bank no later than 30 days after Preliminary Approval.

III.2.    The Administrator shall apply for an Employer or Tax Identification Number ("EIN" or "TIN") from the U.S. Internal Revenue Service on behalf of the QSF and distribute all awards using this EIN.

III.3.    The City will make three payments totaling the Settlement Amount into the QSF created by the Administrator. Except for any award of Pay Adjustment Counsel's attorneys' fees and expenses, the QSF is all inclusive and will be used to pay backpay and interest awards to Damages Class members, backpay awards to the Pay Adjustment Class members, service awards, attorneys' fees for the Damages Class counsel, and litigation expenses, including those of the Administrator and the Expert. From the QSF, no more than $25,099,216.00 may be used to pay backpay awards.

III.4.    The City will pay $3,000,000 into the QSF within 45 days after Preliminary Approval. The money will be used to pay the Administrator, the Expert, and any other expenses arising prior to the payment of the balance of the QSF. The City will pay $22,807,500 into the QSF no later than 15 days after the Effective Date. The City will pay the remaining balance of the Settlement Amount – that is, $4,100,000– into the QSF no later than 60 days after the Effective Date. This money, plus any interest or other earnings of the QSF, will be used to pay the Representatives' and Class Distributions. The Administrator shall place these deposits into an interest-bearing account as long as all funds are backed by the full faith and credit of the U.S.

III.5.    In addition to the Settlement Amount, the City shall pay the Tax Payments into the QSF account. The Administrator will use the Tax Payments to pay the employer's share of employment taxes on the wage awards to Settlement Class Members, which shall be calculated using the same formula that the City typically uses when paying the employer's share of employment taxes. By June 23, 2025, the Administrator shall provide the City with the amount

of the Employer Payroll Tax payment. The City will make the Employer Payroll Tax payment by the fifth day after NYCERS or the City notifies the Administrator of the amounts of withholdings for Settlement Class members (see paragraph VII.3 below), and the Administrator will make the payments to the appropriate governmental agencies on the day after the Class Distributions.

III.6.    The Administrator and the Expert must submit invoices to All Counsel for all expenses they incur to fulfill the Settlement. Expenses in excess of $2,500 shall be submitted to All Counsel for their review and approval in advance of said payment, and all payments for these invoices must be made within 30 days of All Counsel's approval. To facilitate distributing the Notice or meeting other obligations under this Revised Stipulation, the Administrator may pay invoices of under $2,500 for its or the Expert's expenses without prior review and approval by All Counsel. However, the Administrator must ultimately obtain approval from All Counsel for these expenses as well. If any Counsel reviews an already-paid invoice for less than $2,500 and rejects any portion of that invoice on the basis that it was spent for a purpose outside this Revised Stipulation or was unreasonable in amount, the Administrator or the Expert, whichever or whomever submitted the invoice, will explain to All Counsel the purpose and reasonableness of the invoice. If All Counsel are not persuaded that the invoice was for a proper purpose and reasonable in amount, the issuer of the invoice must reimburse the QSF for the unapproved amount. All Counsel may not take more than 30 days to review and approve or deny invoices for expenses.

III.7.    If the Settlement is not approved, the Administrator will return to the City all monies in the QSF with interest within 30 days of the Court's denial order, except that (a) the Administrator and the Expert shall not be obligated to refund money already paid to them for work previously performed, and (b) the Administrator may retain money, subject to Court

approval, necessary to pay itself and the Expert for work already performed but not yet paid to them.

## IV.    DISTRIBUTIONS FROM THE QSF TO SETTLEMENT CLASS MEMBERS

### A.    Overview

IV.1.    The Settlement Class Amount, that is, the total amount to be paid in backpay awards and interest to Damages Class members and backpay to Pay Adjustment Class members, shall be the Settlement Amount plus interest earned by the QSF less: Damages Class Counsel's fees and expenses; service awards to Damages Plaintiffs, Pay Adjustment Plaintiffs, and one class member; and payments to the Administrator and the Expert for their reasonable fees and expenses.

IV.2.    The final Settlement Class Amount is unknowable until (a) the Court determines the amount to be awarded in Class Counsel fees and expenses and service awards at or after the Fairness Hearing, (b) the ultimate amounts payable to the Administrator and Expert are determined sometime after the Effective Date, and (c) the amount of interest earned by the QSF is known. The relative amounts that each Damages Class member and Pay Adjustment Class member will receive from the Settlement Class Amount cannot be known until after the end of the Pay Adjustment Period on February 14, 2025. As a result, the awards stated on the first page of each Notice to each Settlement Class member are estimated and the awards ultimately could be higher or lower than the estimated amount.

IV.3.    The Administrator will send Checks to Settlement Class Members from the Settlement Class Amount  in 2025 as part of the Class Distributions.

### B.    Distributions to Damages Class Members

IV.4.    The Expert shall calculate the estimated amount of each Damages Class Member's backpay and interest awards to be included on the cover page of the written notice

based on an estimate that $18,900,000 will be available for distribution to Damages Class Members. The amount is calculated by subtracting from $29,907,500.00 the amount of $2,407,500 estimated to be paid to Pay Adjustment Class Members and the amounts requested or estimated to be paid as service awards and to Damages Class Counsel, the Administrator, and the Expert. The Expert shall calculate a projected amount for each Pay Adjustment Class Member's backpay award to be included on the cover page of the Notice by multiplying the per hour adjustment for the member's title by 3,045 hours, which is the number of straight-time hours for which the member will be paid over 17 and one-half months at 2,088 hours per year, without any overtime, unpaid leave, or non-employment periods.

IV.5.    From the amount estimated to be available for distribution to Damage Class members, and later from the amount determined to be available for distribution to Damage Class members, the Expert shall calculate estimated, and later actual, awards, as follows:

a.    The Expert will use the values in the City's payroll records for the average salary of CBIs in each title or level every year from FY 2006 through FY 2020. Because the City never had an Associate CBI III title, prior to FY 2020, the Expert will compare the average salary of the lower-paid 50% of Associate CBI IIs to the average salary of the Associate FPI IIs and the average salary of the higher-paid 50% of Associate CBI IIs to the average salary of Associate FPI IIIs. The City phased out use of associate titles for CBIs in FY 2020. For FY 2020 through August 31, 2023, the Expert will compare CBI level 1 and 2 employees with under 2 years of tenure to entry level FPIs; CBI level 2s with over 2 years of tenure to incumbent FPIs; the lower-paid 50% of CBI level 3s to Associate FPI Is; the higher-paid 50% of CBI level 3s to Associate FPI IIs; and CBI level 4s to Associate FPI IIIs.

b.    The Expert will subtract the salary of each Damages Class member from the average salary of the corresponding CBI each year.

c.    The Expert will reduce the remainder for each Damages Class member for FY 2011-17 left by the subtraction required by subparagraph "b" by 30% and for FY 2005-2010 by 60% on account of risk associated with the continuing violation doctrine.

d.    The Expert will then total the values for each Damages Class member (as reduced in step "c") and determine the ratio that each class member has to the total amount of the potential claims of all Damages Class members.

e.    The Expert will multiply the ratio of each Damages Class member's total value for each year (calculated per step "d") by the total amount to be distributed to Damages Class members. If any Damages Class member's backpay award would be less than $500, that member's award will be increased to $500, and the awards of all other Damages Class members shall be reduced by the amount necessary to bring each Damages Class member up to $500. The resulting amount for each Damages Class member will be the estimated amount that the class member will be notified that they will receive as a Damages Class member under the Settlement and the actual amount that they will receive once the actual amount to be distributed among Damages Class members is determined.

IV.6.    Before the Class Distribution to Damages Class members, the Expert will recalculate the awards based on up-to-date Damages Class Amount figures. The Expert also will take into account that any Damages Class member who (i) opts out of the Settlement, or (ii) is deceased or incompetent and the Administrator determines that the estate or other lawful representative does not submit the necessary paperwork, forfeits the member's right to an award

and the amount that the member otherwise would have received will be redistributed among other Damages Class Members.

IV.7.   Within twenty-eight (28) days after this Revised Stipulation of Settlement is executed, the City will provide the Administrator with a spreadsheet showing the names, mailing addresses, email addresses, and telephone numbers of all Damages Class members. Also, within twenty-eight (28) days after this Revised Stipulation of Settlement is executed, the City will provide the Expert with a spreadsheet (i) showing the names and employee ID numbers of all Damages Class members that correspond to the ID numbers previously produced by the City, and (ii) data for the remainder of FY 2023 not previously produced to the Expert. The Parties believe that the City has previously produced all the other data that the Expert needs to perform the calculations through the end of FY 2023 (which will be projected through August 2023), but, if not, the Expert will identify the additional information he needs to perform any of the requested calculations within two weeks after this Revised Stipulation of Settlement is executed. The Expert will complete the calculations in ¶ IV.5 above for the estimated awards for Damages Class members and transmit those calculations to the Administrator and All Counsel by six weeks after this Revised Stipulation of Settlement is executed. Damages Counsel and the Administrator will review the Expert's figures within one week thereafter and inform the Expert either that they have not identified any issues or will inform the Expert of any concerns to enable resolution before time to send the Notice. The Administrator will include the estimated amounts of each Damages Class member's award on the written notice sent to that class member.

IV.8.   Also within 28 days after this Revised Stipulation is executed, the Administrator, Damages Counsel, and/or City's Counsel will provide the Expert with the other information

14

requested by the Expert under paragraph IV.7 to allow him to perform the calculations of the actual awards to Damages Class members.

IV.9.   Once the Expert has determined a damages award for each Damages Class Member, he will allocate the award by dividing it into portions of backpay and interest based on the fiscal year the member's backpay began. The award allocation will be as follows:

| FY | Backpay | Interest |
|------|---------|----------|
| >2022 | 95% | 5% |
| 2022 | 90% | 10% |
| 2021 | 85% | 15% |
| 2020 | 80% | 20% |
| 2019 | 75% | 25% |
| 2018 | 70% | 30% |
| 2017 | 65% | 35% |
| 2016 | 61% | 39% |
| 2015 | 57% | 43% |
| 2014 | 53% | 47% |
| 2013 | 49% | 51% |
| 2012 | 45% | 55% |
| 2011 | 41% | 59% |
| 2010 | 39% | 61% |
| 2009 | 37% | 63% |
| 2008 | 35% | 65% |
| 2007 | 33% | 67% |
| 2006 | 31% | 69% |
| <2006 | 29% | 71% |

## C.    Distributions to Pay Adjustment Class Members

IV.10.  Pay Adjustment Class members will receive awards from the QSF for the Pay Adjustment Period based on the differences in average pay between five levels of FPIs and the corresponding levels of CBIs in the Department of Buildings during fiscal year 2023. The pay adjustment for each Pay Adjustment Class member, before any decreases for leaves without pay or being employed as an FPI for less than the full period and any increases associated with performance of overtime, or any adjustments associated with promotions, will be:

| **Title** | **Current Average Salary** | | **Adjustment Award Rates** | | **Totals** | |
| --- | --- | --- | --- | --- | --- | --- |
| | **Per Hour** | **Annual** | **Per Hour** | **Annual** | **Per Hour** | **Annual Salary + Adjustment Award** |
| New Hire | $24.97 | $52,137.36 | $2.15 | $4,489.20 | $27.12 | $56,626.56 |
| Incumbent | $28.71 | $59,946.48 | $2.47 | $5,157.36 | $31.18 | $65,103.84 |
| AFPI I | $32.07 | $66,962.16 | $1.65 | $3,445.20 | $33.72 | $70,407.36 |
| AFPI II | $35.94 | $75,042.72 | $1.85 | $3,862.80 | $37.79 | $78,905.52 |
| AFPI III | $39.89 | $83,290.32 | $ .35 | $   730.80 | $40.24 | $84,021.12 |

IV.11.  The award to each Pay Adjustment Class members from the QSF will be adjusted to reflect any personnel actions that affect the compensation of such Pay Adjustment Class member, including leaves without pay, being employed as an FPI for less than the full period (whether because the member is hired during the Pay Adjustment Period or separates during the Period), performance of overtime, and promotions. If, for example, a Pay Adjustment Class member whose pay adjustment is 5% of that member's contractual salary works $1,000 of overtime that is paid by the City, the QSF will pay that member $50, which is 5% of the amount that the City has paid for the overtime work. As another example, if a Pay Adjustment Class member whose pay adjustment is 7% of that member's contractual salary is on leave without pay status for two months, the QSF will not pay that member a pay adjustment for that period because 7% of $0 is $0.

IV.12. Within twenty-eight (28) days after this Revised Stipulation of Settlement is executed, the City will provide the Administrator and the Expert with a spreadsheet showing the names, mailing addresses, email addresses, telephone numbers, social security numbers, and current job title (new hire, incumbent, associate FPI I associate FPI II, or associate FPI III) of all Pay Adjustment Class members.

16

IV.13. In preparation for the Class Distributions to the Pay Adjustment Class, no later than March 19, 2025, the City shall provide Class Counsel, the Administrator, and the Expert with a spreadsheet containing the following information for each member of the Pay Adjustment Class: name, address, social security number or employee ID, number of regular and overtime hours employed as an FPI during the Pay Adjustment Period, title and tenure classification according to the chart above, any personnel actions that impact the appropriate pay adjustment, gross pay adjustment, net pay adjustment after withholding of taxes (but not benefit plan contributions, which will not yet be calculated), and any other information the Administrator determines is necessary.

IV.14. Class Counsel shall review the information provided pursuant to Paragraph IV.13 with Local 2507 and with members of the Pay Adjustment Class as Class Counsel deems appropriate to attempt to confirm its accuracy. Class Counsel shall identify any disagreements to the City's Counsel and the Administrator within fourteen (14) days of receipt of the Paragraph IV.13 information. The City shall expeditiously respond to any requests for additional relevant information. The Parties agree to expeditiously negotiate in good faith to resolve all disputes regarding the Class Distributions to the Pay Adjustment Class. To the extent the Parties are unable to resolve any disputes regarding the calculation of the pay adjustments, such unresolved disputes shall be submitted in writing to the Administrator, along with all supporting documentation, no later than April 9, 2025. The Administrator shall issue a final written decision on all such disputes by April 16, 2025.

IV.15. On or before April 23, 2025, the Administrator shall mail each Pay Adjustment Class member the Pay Adjustment Letter.

IV.16. Pay Adjustment Class members may object to the amount of their proposed pay adjustment distributions by notifying the Administrator in writing of their objection within

17

twenty-one (21) days of the mailing of the Pay Adjustment Letter. Such written notice of objection shall explain the basis of the objection and include all supporting documents. The Administrator shall provide the parties with a copy of all notices of objection and supporting documents, and the parties shall have five (5) days from their receipt of each notice to submit a position statement and any supporting documents to the Administrator. For each timely notice of objection filed with the Administrator, the Administrator shall issue a final written decision within ten (10) days of receipt of that notice of objection, either upholding or denying the objection. No objection shall be upheld unless it is substantiated by credible documentary evidence.

IV.17. Within three business days after the review process in paragraph IV.16 is completed, the City's Counsel shall provide appropriate people at NYCERS with the final list of Pay Adjustment awards, along with any identifying or other information about each recipient that NYCERS has requested that is reasonably available to the City.

IV.18. The Administrator shall mail the Checks to the Pay Adjustment Class pay adjustments for the Pay Adjustment Period, as part of the Class Distributions.

**D.      The Class Distribution Process**

IV.19. The Class Distributions shall consist of all remaining money in the QSF, including interest, except for any money earmarked for another purpose, including but not limited to money deposited to pay the employer share of employment taxes, money withheld to pay the employee share of employment taxes, money withheld to pay Settlement Class members' income taxes on the backpay portion of their awards, and money withheld to pay Settlement Class members' pension contributions to NYCERS. The money will be distributed to:

a.     Pay Adjustment Class members in the amounts of their awards, including any increases resulting from the process described in the Pay Adjustment Letter;

b.     The Administrator in the amount of its invoices for its unpaid services, including a reasonable estimate for its as-yet unbilled services that will be approved in advance by All Counsel;

c.     The Expert in the amount of his invoices for unpaid services, including a reasonable estimate for his as-yet unbilled services that will be approved in dadvance by All Counsel; and

.     Damages Class members in the amounts of their awards payable from the balance of the money available for the Class Distributions.

IV.20.  To enable the Expert to calculate the awards for Damages Class members out of the Class Distributions, on or before June 2, 2025, the Administrator will inform the Expert in writing, with copies to All Counsel, of the amount of money available to be distributed to Damages Class members.

IV.21. On or before June 16, 2025, the Expert shall inform the Administrator and Damages Counsel in writing, with copies to All Counsel, of the amount of the awards for Damages Class members. The Expert shall include any information about each recipient previously requested by NYCERS that is reasonably available to the Expert. Within three business days after receipt, the City's Counsel will send a copy of the information to appropriate people at NYCERS.

IV.22. Damages Counsel shall review the Expert's calculations identified above, with Local 2507 to the extent Damages Counsel deems appropriate, to attempt to confirm their accuracy. Damages Counsel shall identify any disagreements to the Expert, Pay Adjustment Counsel, City's Counsel, and the Administrator. If Damages Counsel has not identified any

disagreements by June 23, 2025, or if Damages Counsel has affirmatively stated in writing (email is acceptable) that it does not have any disagreements, the calculations shall be deemed accepted. If there are any disagreements, the parties will treat resolution of the dispute as a priority and negotiate a resolution in good faith. Within three business days after this review process is complete, the City's Counsel will inform appropriate people at NYCERS of any modifications in Damages Class awards or that there were no modifications.

IV.23. NYCERS must calculate the amount to be withheld from each Settlement Class Member's backpay award as the employee's contribution into the pension plan. NYCERS is not a party to this Stipulation and the agreement does not attempt to impose a deadline on it. NYCERS estimates that it may take more than a month to calculate the contributions. The City's Counsel, Class Counsel, the Administrator, and the Expert shall respond promptly to any requests from NYCERS to expedite the pension contribution calculations. The City's Counsel shall contact NYCERS once every two weeks to determine its progress in calculating the contributions and convey the information to the Administrator and Class Counsel. The Administrator will post on the website any updates on when Class Distributions will be made based on updates from NYCERS.

IV.24.  To consummate the Class Distributions, the Administrator shall mail Checks to Settlement Class Members and make the other distributions identified in paragraph IV.19, by checks or electronic transfers, no later than ten days after NYCERS provides a list of pension contributions for each Settlement Class Member. The Class Distributions shall be all money in the QSF except money needed to pay the tax and pension obligations set out in this Stipulation.

**E.    CHECK MAILING AND RETURNS**

IV.25. Unless the Administrator has received updated contact information, the Administrator will, by the deadlines in this Agreement, mail the Checks issued pursuant to this

Agreement to each Settlement Class Member to the address to which that member's Notice was sent. If a Check is returned with a forwarding address, the Administrator shall promptly re-mail the original check, to the forwarding address. If a Check is returned without a forwarding address, the Administrator shall perform a standard Level 2 Skip Trace in the manner that the Administrator customarily performs skip traces in an effort to determine the Settlement Class Member's current address, and, to facilitate this process, the Administrator may use the member's social security number (which may also be used to perform the original skip tracing to confirm and locate mailing addresses for the Notice). If a new address is obtained, the Administrator shall mail a letter to the new address and ask if the person receiving the letter at that address is the Settlement Class Member and, if so, ask that the recipient call the Administrator to confirm. Once confirmed, the Administrator will re-mail the original Check to the new address. If a new address is not obtained through a standard Level 2 skip tracing, the Administrator shall notify All Counsel (or if the person is a member of only one of the two Settlement Classes, the appropriate counsel), who shall confer in good faith, on a case-by-case basis, regarding whether to instruct the Administrator to conduct further traces or to contact the Settlement Class Member by other means, including but not limited to asking Local 2507 for any leads it may have. For Settlement Class Members whose Checks are re-issued, the 180-day period during which Checks must be cashed will run from the date that appears on the Check. No Check shall be re-issued more than four months after the Checks are originally mailed.

IV.26. If a Check is reported by a Settlement Class Member as lost, stolen, or undelivered, the Administrator shall issue a stop payment order on the original Check and if appropriate, issue a new Check, but not later than four months after the Checks are originally mailed.

IV.27. Each Check shall expire 180 calendar days after it is dated.  Any unclaimed funds shall be placed in the Office of the New York State Comptroller's Unclaimed Funds division under that individual's name, 365 days after the initial Check mailing date.

IV.28. The Administrator shall provide regular reports to All Counsel regarding all Checks and letters mailed and the dates of the last mailed Checks and letters.

## V.    REPRESENTATIVES' DISTRIBUTIONS FROM THE QSF FOR SERVICE AWARDS, ATTORNEYS' FEES AND EXPENSES

V.1.    Within 14 days after the Stipulation of Settlement is executed, Plaintiffs will file a motion and supporting papers requesting that the Court approve service awards in the amounts of $20,000 to Plaintiff Darryl Chalmers, $15,000 apiece to Plaintiffs Darren Connors, Glenn Mendez, James Nova, and Fatima Rosemond, $10,000 to Settlement Class Member Michael Reardon, and $2,500 apiece to Plaintiffs Branden Bowman and Sebastian Stack. These are amounts that the parties negotiated over and agreed upon, subject to Court approval.

V.2.    Within 14 days after submission of the motion for preliminary approval of the Revised Settlement, Damages Plaintiffs will file a motion and supporting papers requesting that the Court award Damages Counsel $8,250,000 in attorneys' fees plus reimbursement of expenses in an amount of not more than $250,000.00. The attorney fee figure is 30% of $27,500,000, which is the Settlement Amount minus the estimated payments to Pay Adjustment Class members. Within 14 days after submission of the motion for preliminary approval of the Revised Settlement, Pay Adjustment Plaintiffs will file a motion and supporting papers requesting that the Court award Pay Adjustment Counsel an award based on the lodestar value of their work on this case plus reimbursement of expenses reasonably incurred, but not more than $115,000. Any award granted by the Court on the Pay Adjustment Plaintiffs' motion will be paid by the City directly to Pay Adjustment Counsel and not to the Administrator. The City's

entry into this Revised Stipulation shall have no impact on its decision about whether or not to file an opposition to either request for attorneys' fees and expenses.

V.3.    During the Notice Period, Settlement Class Members may comment on or object to any or all of the requests for service awards, attorneys' fees and expenses.

V.4.    The QSF will pay the Court-awarded service awards and Court-awarded attorneys' fees and expenses to Damages Counsel by no later than 30 days after the Effective Date.

V.5.    The City shall pay directly to Pay Adjustment Counsel (outside the QSF) the Court-awarded attorneys' fees and expenses to Pay Adjustment Counsel by no later than the 30 days after the Effective Date.

## VI.    FEES AND EXPENSES OF THE ADMINISTRATOR AND EXPERT

VI.1.    The Administrator will be paid for its time working on the Settlement in accordance with an estimated expense sheet provided to All Counsel before this Revised Stipulation was executed. The total estimate for Administrator fees and costs associated with administering this settlement is $45,000, but nothing precludes the Administrator being paid more than that amount if warranted by its services and expenses.

VI.2.    The Administrator may submit monthly itemized invoices to All Counsel for its fees and expenses incurred in administering the settlement. All Counsel shall review the invoices and, if no Counsel objects within ten days of receipt, the QSF shall pay the Administrator. If any counsel objects, All Counsel and the Administrator will confer as soon as possible to attempt to resolve the objection. If they are unable to resolve the objection, the QSF shall pay the Administrator the portion of the invoice to which no objection is made and the issue in dispute shall be submitted to the Court for resolution.

VI.3.    The Expert will serve as a joint expert and will respond to questions and concerns from All Counsel. Any party may, at its own expense, check the Expert's calculations of award amounts. If any party chooses to do so, the Expert will provide the Parties with a copy of all his programming and calculations in a computer-readable format.

VI.4.    The Expert will be compensated at the rate of $350 per hour for his time and at appropriate rates for any work performed by others under his direction. The Expert estimates that his fees will not exceed $30,000 but nothing precludes the Administrator being paid more than that amount if warranted by its services and expenses..

VI.5.    The Expert may submit monthly itemized invoices to All Counsel, with a copy to the Administrator, for its fees and expenses incurred in performing its duties under the Settlement. All Counsel shall review the invoices and, if no Counsel objects within ten days of receipt, the QSF shall pay the Expert. If any Counsel objects, All Counsel and the Expert will confer as soon as possible to attempt to resolve the objection. If they are unable to resolve the objection, the QSF shall pay the Expert the portion of the invoice to which no objection is made and the issue in dispute shall be submitted to the Court for resolution.

## VII.    TAX MATTERS, PENSIONABILITY, AND LIENS

VII.1.    The Administrator shall make any necessary tax filings for the QSF, including for payment of the employer's share of employment taxes, using the QSF's EIN, which it will obtain from the IRS.

VII.2.    The backpay awards to Settlement Class Members shall be treated as W-2 income, subject to all relevant tax and other withholdings, including for class members who no longer work for the City, and shall be pensionable. Tax withholding from both Damages and Pay Adjustment Awards shall take place at the single zero rate.  Any class member who desires

a different rate of withholding will be informed in the Notice that they can contact the Administrator via telephone or email to provide the Administrator with a W-4.

VII.3.    In addition to the relevant tax withholdings, the Administrator is also responsible for (a) deducting from pensionable backpay awards the required pre-tax pension contribution of Settlement Class Members who were members of NYCERS on July 12, 2024, or who become Pay Adjustment Class Members after July 12, 2024, and become a NYCERS member before the end of the Pay Adjustment Period, and (b) forwarding those contributions to NYCERS. NYCERS will provide the amount of each such class member's required pension contribution to the Administrator as set out in paragraph IV.23. After the QSF distributes the awards, the QSF will pay the Settlement Class Members' required pension contributions to NYCERS not later than 14 days after Checks are mailed to Settlement Class Members.

VII.4.    The interest awards to Damages Class members shall be treated as 1099 income, and the QSF shall report these amounts on a 1099 form, no amounts shall be withheld for taxes, and the payments will not be pensionable. It will be the responsibility of each of the Damages Class members to pay any taxes that they may owe because of the interest awards.

VII.5.    The Administrator will provide the W-2's and 1099's to the Class Members as appropriate. With the issuing of the W-2's and/or 1099's, the Administrator shall provide the Class Members with an explanation of tax reporting obligations.

VII.6.    By no later than March 26, 2025, the City shall notify the Administrator of any liens against a Settlement Class member for unpaid child support, Medicaid, Public Assistance fines, or fees for Parking Violations or treatment received at a New York City Health and Hospitals Corporation facility. The City may inquire of the New York City Department of Finance ("DOF") and the New York State Department of Family Assistance ("DFA") if any of the aforementioned liens exist. If the City does give such notification, the City also shall notify

25

the Administrator how Class members may challenge a lien on the basis that the member is not the person who owes the debt or that the debt has been satisfied. No later than April 2, 2025, the Administrator shall notify the class member of the asserted lien and how to challenge it. If a Settlement Class member against whom a lien is asserted does not challenge the lien by April 14, 2025, or their challenge is denied, then the Administrator must deduct the amount of their lien from the Class member's award and return that amount to the appropriate government agencies, not later than 14 days after Checks are mailed to Settlement Class Members.

VII.7.    Before paying any award to a Settlement Class Member pursuant to the Revised Stipulation, the Administrator shall make the appropriate deductions or withholdings, including liens against Class members. The QSF shall make no deductions other than those for taxes, liens, and pension contributions. Specifically, the QSF is not responsible for paying the employee's or employer's portion for benefits such as health insurance.

VII.8.    After determining the amounts to be withheld for taxes, liens, and pension contributions, the Administrator shall verify with All Counsel that payment should be made, and upon receiving such verification, the Administrator shall make payments in the amounts calculated by the Expert. A counsel that does not respond within seven (7) days before the deadline for distribution will be deemed to have verified. The Administrator will send each Settlement Class Member a paystub (or the equivalent of the information that is typically set forth in a paystub) within seven (7) days after the issuance of the Checks, itemizing the various deductions, including for liens.

VII.9.    After making any payment in accordance with the foregoing procedures, the Administrator shall issue all appropriate tax documentation and make all required reports and payments to the applicable authorities, including, *inter alia*, the IRS, the New York State Department of Taxation and Finance, the U.S. Social Security Administration, and NYCERS.

VII.10.   Within one month after the Distributions and monthly thereafter, or as requested by All Counsel, whichever is sooner, the Administrator shall report to All Counsel the following information: which class members were paid, the amounts paid, the dates of payments, what tax or other reporting documents were issued, and the amounts of money held by the QSF, as well as any other data or information deemed necessary by All Counsel.

VII.11.   Each Damages Counsel firm must submit a completed W-9 form to the Administrator in order to receive its awarded attorneys' fees and expenses. The QSF shall issue each Damages Counsel a 1099 form for the entire amount that the Court awards in fees and expenses and will not withhold any amount for taxes. It will be the responsibility of Damages Counsel to pay any taxes that they may owe because of the fee and expense awards. Upon any final award granting attorneys' fees and reimbursement of expenses to Pay Adjustment Class Counsel, such Counsel must first submit to the City Counsel a completed W-9 form in order to receive payment.

VII.12.   The amounts that the Court awards for service awards shall be reported by the QSF on a 1099 form, no amounts shall be withheld for taxes, and the payments will not be pensionable. It will be the responsibility of each of those class members to pay any taxes that they may owe because of the service awards.

## VIII.  <u>LABOR-MANAGEMENT COMMITTEE</u>

VIII.1. Within 30 days after the Effective Date, the parties will form a labor-management committee composed of management representatives and Local 2507 representatives to address matters of import to Local 2507's FPIs. The management representatives will consist of at least one representative from the FDNY and one representative of OLR. Other critical stakeholders may join the committee depending on the issue being discussed. The committee will schedule an in-person or video meeting once each quarter for the

first year after the settlement agreement receives final approval from the Court. Thereafter, the committee, with the exception of OLR, which will be an optional attendee, will meet during the next two years within a reasonable period after either party requests but no more than six times in total over those two years. The committee will disband after three years unless the parties agree to continue it. If for scheduling purposes a meeting is adjourned, best efforts will be made to reschedule the meeting as soon as practicable. A non-inclusive list of some of the topics that may be discussed include: recognition of FPIs' contributions to the City on FDNY's website, internal FDNY communications, and press releases or other external FDNY communications; recognition of FPIs in award or other recognition activities; and any other non-economic matters affecting the treatment of FPIs. The committee will not address FPIs' status in collective bargaining.

## IX.    RELEASES, NON-ADMISSIONS, AND DISMISSAL OF LITIGATION

IX.1.    Upon the Effective Date, each Plaintiff and Class member who does not timely opt out (even if they fail to negotiate their damages award), fully releases and discharges the City, its assigns, agents, officers, employees, representatives, attorneys, benefit plans, plan fiduciaries, and/or administrators, and all persons acting on behalf of them, from any Released Claims. The Released Claims include any debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, or damages arising out of the Released Claims, except insofar as awarded by the Court pursuant to this Revised Stipulation of Settlement. The time period covered by this release for each Plaintiff and class member encompasses the period from the later of July 1, 2004, or the beginning of their employment as an FPI until the earlier of the end of their employment as an FPI or February 14, 2025.

IX.2.    The back of each check that each Settlement Class Member receives will state, above the space for endorsement, "I acknowledge that I have released my pay discrimination claims against the City to the extent set out in the *Chalmers* Revised Stipulation of Settlement."

IX.3.    Nothing contained herein, nor the consummation of this Revised Stipulation of Settlement, is to be construed or deemed to be (a) an admission of liability, culpability, negligence, or wrongdoing on the part of any party, its assignees, agents, directors, officers, employees, representatives, attorneys, benefit plans, plan fiduciaries and/or administrators, or (b) an admission of a weakness in any claimed liability or damages asserted or sought in the case. With respect to this action, all Parties hereto have entered into this Revised Stipulation of Settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense of litigation and to settle all claims.

IX.4.    Upon the Effective Date, this case will be dismissed, except that the Court will retain jurisdiction over this Action solely for the purposes of entering orders and judgments that may be necessary to implement or enforce the relief and rights provided in this Revised Stipulation of Settlement, until all obligations under the Revised Stipulation have been satisfied. Plaintiffs irrevocably waive any right to commence any further actions or proceedings or to file any claims whatsoever against the City that were released under this Revised Stipulation of Settlement, except to enforce the terms of this Revised Stipulation of Settlement.

IX.5.    If a Party to this Revised Stipulation of Settlement institutes a legal action or other proceeding against any other Party to enforce the provisions of this Revised Stipulation of Settlement or to declare rights or obligations under this Revised Stipulation of Settlement, the successful Party shall be entitled to recover from the unsuccessful Party reasonable attorneys' fees and costs incurred in connection with any such actions.

## X.    <u>NOTICE TO CLASS MEMBERS</u>

X.1.    Within seven days after the Court preliminarily approves the revised Settlement, Damages Counsel shall provide the Administrator the following: (1) Order preliminarily approving the revised Settlement; (2) the motion for preliminary approval of the revised Settlement and supporting memorandum; (3) this Revised Stipulation of Settlement; (4) the Notice; (5) the motion for service awards and supporting memorandum; (6) the motions for payment of attorneys' fees and reimbursement of expenses and supporting memoranda to be filed by the Damages Plaintiffs and the Pay Adjustment Plaintiffs; (7) the operative complaint; and (8) the Court's decision on class certification and the Rule 702 motions.

X.2.    Within 10 days after preliminary approval, the City will provide the Administrator with an Excel spreadsheet including: the name, social security number, last known mailing address and email for each Damages Class member; to the extent then known, the same information for each Pay Adjustment Class member; and whether the Settlement Class Member is a Damages Class member, a Pay Adjustment Class member, or both. The Administrator will send the Notice to each such Settlement Class Member via U.S. first class mail and email, if those addresses are known, within ten (10) days after the later of receipt of the names and contact information from the City or receipt of the list of estimated damages awards from the Expert. The Administrator will insert on the cover page of the Notice to each Damages Class member the estimated amount of that class member's total damages award as calculated by the Expert and to each Pay Adjustment Class member the hourly difference in pay which is used to calculate their backpay award and projected amount they would receive, calculated as set forth in paragraph IV.4 above.

X.3.    The Administrator also shall, within ten (10) days after Preliminary Approval, establish a static website providing information about this Settlement for the Class Members, including but not limited to copies of each of the documents identified in paragraph X.1 above.

Damages Counsel shall provide the Administrator and the Administrator will add to the website any subsequent filings related to the Settlement.

X.4.    The Administrator shall inform All Counsel of any undeliverable Notice, perform "skip tracing" on those undeliverable documents within seven (7) days after receipt, re-send the undeliverable Notice to any newly found address (providing that Class Member with at least 15 days from receipt to comment/object or opt-out), and report to All Counsel on its progress.

X.5.    Not later than ten (10) days after preliminary approval, Local 2507 will provide a written announcement concerning the terms of the proposed Settlement that it will send to every class member for which it has a mailing and/or email address, and that will alert them to the anticipated communications from the Administrator.

X.6.    Not later than 28 days before the Fairness Hearing, an officer or employee of the Administrator shall submit a declaration to All Counsel describing the steps it has taken to provide notice to Class members and otherwise administer the Settlement. Included in the declaration will be a statement of the number of comments/objections and the number of Opt-outs received, if any. Copies of any Comment/Objections and Opt-outs, redacted as set forth below, shall be attached to the declaration, including any that do not meet the criteria in the paragraphs below. This declaration shall be submitted to the Court as part of Plaintiff's Motion for Final Approval.

## XI.    OPT-OUTS

XI.1.    The Notice will inform Settlement Class Members that they have until 60 days after the Notice is mailed to opt out of the Settlement Class. Settlement Class Members who fail to submit an opt-out request by the deadline shall be deemed to have waived their right to opt

out of any Settlement Class of which they are a member, except for good cause as determined by the Court.

XI.2.   Settlement Class Members who wish to withdraw from either Settlement Class must complete and return an opt-out request to the Administrator. The opt-out request must state the member's name, address, telephone number, email address; and whether they intend to withdraw from the Damages Class, the Pay Adjustment Class, or both. They may submit the request by U.S. mail and/or by email.

XI.3.   If 50% or more of Settlement Class Members opt out of this Settlement by the Court-ordered deadline, the City shall have the right in its sole discretion to rescind and void this Settlement by giving written notice to Class Counsel and the Court no later than 5 days after the Opt-Out Period.

## XII.   COMMENTS AND OBJECTIONS

XII.1.   The Notice will inform Settlement Class Members that they have 60 days after the Notice is mailed to comment on the Settlement or any part of it, either negatively (an objection) or positively. Settlement Class Members who fail to submit a comment/objection to the Administrator by U.S. mail and/or by email by the deadline shall be deemed to have waived their right to object to or otherwise comment on the terms of this Settlement, except for good cause as determined by the Court.

XII.2.   All comments and/or objections shall state the commenter/objector's name, address, telephone number, and email address; set forth the basis/bases for commenting or objecting; state the name and contact information of the objector's attorney, if any (other than Class Counsel); and state whether the objector wishes to be heard in Court at the Fairness Hearing.

XII.3.    Any Settlement Class Member who fails to indicate a request to appear in person or through counsel (other than through Class Counsel) at the Fairness Hearing waives the right to do so, except for good cause as determined by the Court.

XII.4.    Before submitting comments and/or objections to the Court, the Administrator will redact the commenter/objector's address, telephone number, and email address.

## XIII.  **MISCELLANEOUS**

XIII.1.    In addition to performing its tasks set forth above, the Administrator may, after consultation with and approval from All Counsel, perform any other tasks necessary or appropriate for the performance of its duties under the Revised Stipulation of Settlement.

XIII.2.    The Defendant will not retaliate in any way against the Plaintiffs or any Settlement Class Member for bringing the claims in this case or accepting awards or benefits made pursuant to this Revised Stipulation of Settlement.

XIII.3.    The Parties agree to fully cooperate with each other to accomplish the terms of this Revised Stipulation of Settlement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Revised Stipulation of Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Revised Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Revised Stipulation of Settlement and the terms set forth herein.

XIII.4.    The Parties and All Counsel represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

XIII.5.   The terms and conditions of this Revised Stipulation of Settlement are partly the result of lengthy, intensive, arms-length negotiations until mid-2023 between the Parties assisted by JAMS mediator, Robin Gise, who has extensive experience assisting Parties in labor and employment and class actions. The terms and conditions are also the result of lengthy, intensive, arms-length negotiations since February 2024 between the Parties. This Revised Stipulation of Settlement shall not be construed in favor of or against any Party by reason of the amount or form of Settlement or the extent to which any Party or Party's counsel participated in the drafting of this Revised Stipulation of Settlement.

XIII.6.   This Revised Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court. This Revised Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

XIII.7.   This Revised Stipulation of Settlement along with the four attached exhibits contains the entire agreement between the Parties relating to the Settlement, and encompasses all prior or contemporaneous agreements, understandings, representations, and statements among the Parties to the Settlement of this action. No rights hereunder may be waived except in writing.

XIII.8.   This Revised Stipulation of Settlement shall be binding upon and inure to the benefit of all Parties to this class action, including the Named Plaintiffs, each Class Member who does not opt out of the Settlement, the Defendant, and their respective heirs, trustees, executors, administrators, successors, and assigns.

XIII.9.   Because the Settlement Class Members are so numerous, it is impossible or impractical to have each Class Member execute this Revised Stipulation of Settlement. The Notice advises all Settlement Class Members of the binding nature of the release. The failure to

timely submit a properly executed Opt-out shall have the same force and effect as if this Revised Stipulation of Settlement were executed by a Settlement Class Member.

XIII.10. This Stipulation of Settlement may be signed in counterparts. A digital or facsimile signature shall be deemed an original for purposes of this Stipulation.

**Named Plaintiff & Damages Class Representative Darryl Chalmers**

BY: _____

    DARRYL CHALMERS

**Named Plaintiff & Damages Class Representative Darren Connors**

BY: _____

    DARREN CONNORS

**Named Plaintiff & Damages Class Representative Glenn Mendez**

BY: _____

    GLENN MENDEZ

**Named Plaintiff & Damages Class Representative James Nova**

BY: _____

    JAMES NOVA

**Named Plaintiff & Damages Representative Fatima Rosemond**

BY: _____

    FATIMA ROSEMOND

**Named Plaintiff & Pay Adjustment Class Member Branden Bowman**

BY: _____

    BRANDEN BOWMAN

**Named Plaintiff & Pay Adjustment Class Member Sebastian Stack**

BY: _____

    SEBASTIAN STACK

**Named Plaintiff AFSCME DC 37, LOCAL 2507**

Dated: June __, 2024

AGREED TO:

**Named Plaintiff & Damages Class Representative Darryl Chalmers**

BY: _____

    DARRYL CHALMERS

**Named Plaintiff & Damages Class Representative Darren Connors**

BY: _____

    DARREN CONNORS

**Named Plaintiff & Damages Class Representative Glenn Mendez**

BY: _____

    GLENN MENDEZ

**Named Plaintiff & Damages Class Representative James Nova**

BY: _____

    JAMES NOVA

**Named Plaintiff &Damages Representative Fatima Rosemond**

BY: _____

    FATIMA ROSEMOND

**Named Plaintiff & Pay Adjustment Class Member Branden Bowman**

BY: _____

    BRANDEN BOWMAN

**Named Plaintiff & Pay Adjustment Class Member Sebastian Stack**

BY: _____

    SEBASTIAN STACK

**Named Plaintiff AFSCME DC 37, LOCAL 2507**

BY: _____

    OREN BARZILAY as President of Local 2507

Dated:  June __, 2024

AGREED TO:

**Named Plaintiff & Damages Class Representative Darryl Chalmers**

BY: _____

    DARRYL CHALMERS

**Named Plaintiff & Damages Class Representative Darren Connors**

BY: _____

    DARREN CONNORS

**Named Plaintiff & Damages Class Representative Glenn Mendez**

BY: ___*Glenn Mendez*_____

    GLENN MENDEZ

**Named Plaintiff & Damages Class Representative James Nova**

BY: _____

    JAMES NOVA

**Named Plaintiff &Damages Representative Fatima Rosemond**

BY: _____

    FATIMA ROSEMOND

**Named Plaintiff & Pay Adjustment Class Member Branden Bowman**

BY: _____

    BRANDEN BOWMAN

**Named Plaintiff & Pay Adjustment Class Member Sebastian Stack**

BY: _____

    SEBASTIAN STACK

**Named Plaintiff AFSCME DC 37, LOCAL 2507**

BY: _____

    OREN BARZILAY as President of Local 2507

42

Dated: June __, 2024

AGREED TO:

**Named Plaintiff & Damages Class Representative Darryl Chalmers**

BY: _____

    DARRYL CHALMERS

**Named Plaintiff & Damages Class Representative Darren Connors**

BY: _____

    DARREN CONNORS

**Named Plaintiff & Damages Class Representative Glenn Mendez**

BY: _____

    GLENN MENDEZ

**Named Plaintiff & Damages Class Representative James Nova**

BY: _____

    JAMES NOVA

**Named Plaintiff &Damages Representative Fatima Rosemond**

BY: _____

    FATIMA ROSEMOND

**Named Plaintiff & Pay Adjustment Class Member Branden Bowman**

BY: _____

    BRANDEN BOWMAN

**Named Plaintiff & Pay Adjustment Class Member Sebastian Stack**

BY: _____

    SEBASTIAN STACK

**Named Plaintiff AFSCME DC 37, LOCAL 2507**

BY: _____

Dated:  June __, 2024

AGREED TO:

**Named Plaintiff & Damages Class Representative Darryl Chalmers**

BY: _____

    DARRYL CHALMERS

**Named Plaintiff & Damages Class Representative Darren Connors**

BY: _____

    DARREN CONNORS

**Named Plaintiff & Damages Class Representative Glenn Mendez**

BY: _____

    GLENN MENDEZ

**Named Plaintiff & Damages Class Representative James Nova**

BY: _____

    JAMES NOVA

**Named Plaintiff &Damages Representative Fatima Rosemond**

BY: _____

    FATIMA ROSEMOND

**Named Plaintiff & Pay Adjustment Class Member Branden Bowman**

BY: *Fatima Rosemond  7/10/2024*

    BRANDEN BOWMAN

**Named Plaintiff & Pay Adjustment Class Member Sebastian Stack**

BY: _____

    SEBASTIAN STACK

**Named Plaintiff AFSCME DC 37, LOCAL 2507**

BY: _____

    OREN BARZILAY as President of Local 2507

Dated:  June __, 2024

AGREED TO:

**Named Plaintiff & Damages Class Representative Darryl Chalmers**

BY: _____

    DARRYL CHALMERS

**Named Plaintiff & Damages Class Representative Darren Connors**

BY: _____

    DARREN CONNORS

**Named Plaintiff & Damages Class Representative Glenn Mendez**

BY: _____

    GLENN MENDEZ

**Named Plaintiff & Damages Class Representative James Nova**

BY: _____

    JAMES NOVA

**Named Plaintiff &Damages Representative Fatima Rosemond**

BY: _____

    FATIMA ROSEMOND

**Named Plaintiff & Pay Adjustment Class Member Branden Bowman**

BY: _____

    BRANDEN BOWMAN

**Named Plaintiff & Pay Adjustment Class Member Sebastian Stack**

BY: _____

    SEBASTIAN STACK

**Named Plaintiff AFSCME DC 37, LOCAL 2507**

BY: _____

    OREN BARZILAY as President of Local 2507

Dated: June    , 2024

AGREED TO:

**Named Plaintiff & Damages Class Representative Darryl Chalmers**

BY: _____

    DARRYL CHALMERS

**Named Plaintiff & Damages Class Representative Darren Connors**

BY: _____

    DARREN CONNORS

**Named Plaintiff & Damages Class Representative Glenn Mendez**

BY: _____

    GLENN MENDEZ

**Named Plaintiff & Damages Class Representative James Nova**

BY: _____

    JAMES NOVA

**Named Plaintiff &Damages Representative Fatima Rosemond**

BY: _____

    FATIMA ROSEMOND

**Named Plaintiff & Pay Adjustment Class Member Branden Bowman**

BY: _____

    BRANDEN BOWMAN

**Named Plaintiff & Pay Adjustment Class Member Sebastian Stack**

BY: _____

    SEBASTIAN STACK

**Named Plaintiff AFSCME DC 37, LOCAL 2507**

BY: _____

    OREN BARZILAY as President of Local 2507

Dated: June __, 2024

AGREED TO:

**Named Plaintiff & Damages Class Representative Darryl Chalmers**

BY: _____

    DARRYL CHALMERS

**Named Plaintiff & Damages Class Representative Darren Connors**

BY: _____

    DARREN CONNORS

**Named Plaintiff & Damages Class Representative Glenn Mendez**

BY: _____

    GLENN MENDEZ

**Named Plaintiff & Damages Class Representative James Nova**

BY: _____

    JAMES NOVA

**Named Plaintiff &Damages Representative Fatima Rosemond**

BY: _____

    FATIMA ROSEMOND

**Named Plaintiff & Pay Adjustment Class Member Branden Bowman**

BY: _____

    BRANDEN BOWMAN

**Named Plaintiff & Pay Adjustment Class Member Sebastian Stack**

BY: _____

    SEBASTIAN STACK

**Named Plaintiff AFSCME DC 37, LOCAL 2507**

BY: *Oren Barzilay*

    OREN BARZILAY as President of Local 2507

*Lora Minicucci*

Lora Minicucci
The City of New York Law Department
100 Church St.
New York, NY 10007

Dated: July ___, 2024

*Attorneys for Defendant*

/s/ Michael D. Lieder

Cyrus Mehri
Michael Lieder
Mehri & Skalet, PLLC
2000 K Street NW, Suite 325
Washington, DC 20006
Tel: (202) 822-5100

Dated: July 17, 2024

_____

Robert J. Valli, Jr.
Sara Wyn Kane
Matthew Berman
Valli Kane & Vagnini LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
Tel: 516-203-7180

Dated: July 11, 2024

*Attorneys for Damages Class Plaintiffs and
Local 2507*

_____

Walter Meginniss
Jessica Harris
Max Utzschneider
Gladstein, Reif & Meginniss, LLP
39 Broadway, Suite 2430
New York, NY 10006
Tel: (212) 228-7727

Dated: July ____, 2024
*Attorneys for Pay Adjustment Class
Plaintiffs*

37

_____
Lora Minicucci
The City of New York Law Department
100 Church St.
New York, NY 10007

Dated: July ___, 2024

*Attorneys for Defendant*

/s/ *Michael D. Lieder*
Cyrus Mehri
Michael Lieder
Mehri & Skalet, PLLC
2000 K Street NW, Suite 325
Washington, DC 20006
Tel: (202) 822-5100

Dated: July 17, 2024

_____
Robert J. Valli, Jr.
Sara Wyn Kane
Matthew Berman
Valli Kane & Vagnini LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
Tel: 516-203-7180

Dated: July 11, 2024

*Attorneys for Damages Class Plaintiffs and Local 2507*

_____
Walter Meginniss
Jessica Harris
Max Utzschneider
Gladstein, Reif & Meginniss, LLP
39 Broadway, Suite 2430
New York, NY 10006
Tel: (212) 228-7727

Dated: July 12, 2024
*Attorneys for Pay Adjustment Class Plaintiffs*

37

# EXHIBIT A

# TO STIPULATION OF SETTLEMENT

# [DRAFT] NOTICE OF SETTLEMENT FOR
# NYC FIRE PROTECTION INSPECTORS

## FROM THE

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DARRYL CHALMERS, DARREN CONNORS, GLENN MENDEZ, JAMES NOVA, FATIMA Q. ROSEMOND, and AFSCME DISTRICT COUNCIL 37 LOCAL 2507, | ) ) ) ) | Civil No. 20-cv-03389 (AT) |
| | ) | CLASS ACTION |
| Plaintiffs, | ) ) | |
| And | ) ) | |
| BRANDEN BOWMAN and SEBASTIAN STACK, | ) ) ) | |
| Intervenors-Plaintiffs, | ) | |
| v. | ) ) | |
| CITY OF NEW YORK, | ) ) | |
| Defendant. | ) ) | |

YOU, _____ [INSERT NAME], ARE RECEIVING THIS NOTICE BECAUSE YOU WORKED AS A FIRE PROTECTION INSPECTOR OR ASSOCIATE FIRE PROTECTION INSPECTOR BETWEEN MAY 1, 2017 AND [DATE OF PRELIMINARY APPROVAL]. A PROPOSED CLASS ACTION SETTLEMENT WILL AFFECT YOUR RIGHTS IF IT IS APPROVED.

THE ESTIMATED AMOUNT OF YOUR DAMAGES CLASS AWARD IS _____.

YOUR PAY ADJUSTMENT AWARD IS $____ PER HOUR. IF YOU WORK 3,045 HOURS BETWEEN 9-1-23 AND 2-14-25 WITHOUT OVERTIME, THE AMOUNT WILL BE $_____.

*A federal court has authorized this Notice.*
*This is not a solicitation from a lawyer.*

*Please read this Notice carefully and fully.*

1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **Do Nothing** | **Receive money and give up certain rights.**<br><br>You are eligible for a monetary award from the City. By accepting your award, you will give up your right to sue the City for the claims raised in this case during the relevant time period. |
| **Ask to Be Excluded (Opt Out)** | **If you ask to be excluded (opt-out), then you will not receive money through this Action, but you keep any rights to pursue race discrimination in pay claims against the City.**<br><br>There are two classes in this action, one covering the period through August 31, 2023 (the "Damages Class"), and the other covering the period from September 1, 2023, through February 14, 2025 (the "Pay Adjustment Class"). The cover page shows if you are a member of one class or both. If you are a member of both classes, you may opt out of one or both classes.<br><br>You must submit your request to opt out by [___(60 days after Notice Mailed)]. |
| **Object/Comment** | **If you wish to object/comment on the Settlement, then you may write to the Court about why you think the Settlement is fair or unfair to the classes.**<br><br>You must submit your objections or comments by [___(60 days after Notice Mailed)]. If you object or comment in writing by the deadline, you also may, if you wish, speak at the final fairness hearing. |

2

1.      **Purpose of this Notice**

This Notice informs you about this litigation, the certification of two classes that you might belong to (the "Classes"), the terms of the proposed Settlement, and your rights in connection with a hearing to be held before the Court on _____ __, 2024.

2.      **The History of the Lawsuit and Settlement**

Five current and former FDNY fire protection inspectors and associate fire protection inspectors (together "FPIs"), who are the "Damages Class Representatives" in this lawsuit, together with Local 2507, brought this lawsuit. The Damages Class Representatives – Darryl Chalmers, Darren Connors, Glenn Mendez, James Nova, and Fatima Rosemond – claim that the City pays FPIs less than its building inspectors at the Department of Buildings even though FPIs and construction building inspectors do substantially similar work. The Damages Class Representatives contend that the City has paid FPIs less than construction building inspectors because FPIs are primarily people of color. They also claim that, regardless of the City's intent, its policies have had an adverse impact on people of color.

The lawsuit was filed on May 1, 2020. The City moved to dismiss the claims. The Court initially denied most of the City's motion but granted the City's motion to dismiss the claims of white FPIs. After the Plaintiffs amended their complaint, however, the Court ruled that the white FPIs could proceed with their claims of associational discrimination as well.

Subsequently, on September 19, 2022, the Court approved the Damages Class Representatives' proposed class of FPIs and subclass of FPIs of color. The classes consisted of all people employed as FPIs at any time between May 1, 2017, and the date of class certification.

Settlement discussions began shortly after the class certification ruling. The parties engaged Robin Gise, Esq., of JAMS, to mediate their settlement discussions. Over the ensuing ten months, they exchanged information and engaged in six in-person and many virtual mediation sessions, as well as telephonic and email communications.

The parties signed a Stipulation of Settlement on August 30, 2023. It would have created two classes: a Damages Class for FPIs who worked for FDNY prior to August 31, 2023, and a Pay Adjustment Class for FPIs who were still working for FDNY or began working for FDNY between September 1, 2023, and August 31, 2024.

The Court declined to approve that settlement. The Court ruled that the Damages Class Representatives and their lawyers had a conflict in representing members of both classes.

As a result, two FPIs who are only members of the Pay Adjustment Class – Branden Bowman and Sebastian Stack – have become representatives of the Pay Adjustment Class and engaged a different set of lawyers than the lawyers representing the Damages Class.

The parties signed a Revised Stipulation of Settlement on June __, 2024. The Pay Adjustment Class differs from the class in the earlier settlement in several ways, including covering FPIs who

have been employed between September 1, 2023, and February 14, 2025. The Pay Adjustment period has been lengthened by five and a half months.

The City denies that race and color had any impact on or factor into FPIs being paid less than building inspectors and asserts that it did nothing wrong. By entering into the revised settlement, the City does not admit any wrongdoing or liability.

The Court has not determined and, if the revised settlement is finally approved, will not determine whether the City illegally discriminated against FPIs. Instead of deciding the merits of the parties' claims and defenses, the Court's role is to determine whether the revised settlement is fair, adequate, and reasonable to the proposed classes.

The Court has reviewed the revised settlement and has preliminarily approved it as being fair, adequate, and reasonable. After receiving any responses from proposed class members to this notice, the Court will decide whether to finally approve the revised settlement at a hearing on _____ __, 2024.

### 3.    **Class Definitions**

The Settlement identifies two classes. The Damages Class consists of all people who were FPIs at any time between May 1, 2017, and August 31, 2023. The Pay Adjustment Class consists of all people who have been or will be FPIs between September 1, 2023, and February 14, 2025 ("Pay Adjustment Period"), except that persons who are attending the Fire Protection Academy during the Pay Adjustment Period must graduate before becoming a Pay Adjustment class member.

The City's records show that you are a member of one or both classes and you have legal rights and options that you may exercise before the Court decides whether to finally approve the Settlement.

### 4.    **Summary of Settlement Terms**

####     A.    **Forms of Relief for FPIs**

The Settlement provides two types of relief for FPIs: monetary awards and a joint labor-management committee.

#####             *i.    Monetary Awards*

The City will pay $29,907,500 into a settlement account called a Qualified Settlement Fund ("QSF"). Subject to Court approval, distributions will be made from the QSF to pay awards to the Damages Class members and Pay Adjustment Class Members, service awards to Class Representatives, fees and expenses to Damages Class Counsel, and fees and expenses associated with the administration of the Settlement.

The parties anticipate that awards will be made in the summer of 2025. The exact timing will depend partly on how long it takes the New York City Employee's Retirement System ("NYCERS") to calculate Settlement Class Members' pension contributions from their awards.

You do not need to take any action to receive your awards.

*Damages Class Awards.* Damages Class members will receive monetary awards based on a formula contained in section IV.5 of the Revised Stipulation of Settlement. The formula takes into account whether you were an FPI as of June 30 of each year from 2005 through 2023, what title you had at that time (new hire, incumbent FPI, AFPI I, AFPI II, or AFPI III), the difference between the average pay of FPIs at your level and the average pay of comparable construction inspectors in the Department of Buildings in that year, and the effects of interest you could have earned. The formula discounts the differences between average FPI and average construction building inspectors before 2016 because of the increasing risk that old claims may be rejected. Finally, the formula establishes a minimum award of $500.

The estimated amount of your Damages Class award is stated on the cover page of this notice. The amount may be increased if the Court reduces the requested service awards, Class Counsel fees, or expenses, or if other class members opt out. It also could be increased or decreased based on events affecting the total amount of pay adjustment awards.

Your damages award is allocated between back wages and interest based on the year you became an FPI. The longer you have been an FPI, the greater the percentage of your award allocated to interest. The percentage allocated to interest for each FPI start year is shown in paragraph IV.9 of the Revised Stipulation of Settlement.

The backpay portion of your award is "pensionable," that is, it will be counted toward your pension as a City employee. The City and you will make payments to the pension fund just as happens for any other wages. The City also will pay the employer's share of employment taxes. Your share of employment taxes will be deducted from your award and your estimated income tax liability on the award will be withheld.[1] If the withholding is inadequate, you will be responsible for payment of additional income taxes, just as with any other wage payment.

The interest portion of your award is not "pensionable." Neither you nor the City will pay employment taxes for the interest portion of your award. No money will be withheld for income tax liability, but you will be responsible for payment of income taxes on the award.

*Pay Adjustment Class Awards.*  Pay Adjustment Class members will receive pay adjustment awards from the settlement account for the period from September 1, 2023, through February 14, 2025.

The pay adjustment hourly rates are based on the differences between the average salaries of FPIs in 2023 and the average salaries of corresponding levels of construction building inspectors, although the adjustment awards for new hires and incumbents are altered to maintain the 15% differential between new hire and incumbent pay. The awards for new hires begin only after they graduate from the FPI Academy. The table below sets out FPIs' current average salaries, their adjustment award rates, and the total of their salaries plus adjustment award rates:

---

[1] Tax withholding from both Damages and Pay Adjustment Awards shall take place at the single zero rate. Should you want a different withholding rate, you may contact the Administrator at �ना░░░░░(telephone #) or ░░░░░░(email) to address submitting a W-4.

| Title | Current Average Salary | | Adjustment Award Rates | | Totals | |
|---|---|---|---|---|---|---|
| | Per Hour | Annual | Per Hour | Annual | Per Hour | Annual Salary + Adjustment Award |
| New Hire | $24.97 | $52,137.36 | $2.15 | $4,489.20 | $27.12 | $56,626.56 |
| Incumbent | $28.71 | $59,946.48 | $2.47 | $5,157.36 | $31.18 | $65,103.84 |
| AFPI I | $32.07 | $66,962.16 | $1.65 | $3,445.20 | $33.72 | $70,407.36 |
| AFPI II | $35.94 | $75,042.72 | $1.85 | $3,862.80 | $37.79 | $78,905.52 |
| AFPI III | $39.89 | $83,290.32 | $ .35 | $ 730.80 | $40.24 | $84,021.12 |

The final amount of your Pay Adjustment Class award is not yet known because it will depend on factors such as the amount of overtime you work during the Pay Adjustment Period and whether you work less than the full 17 and one-half months as an FPI, for example if you take unpaid leave or retire. If you work all 17 and one-half months without any overtime or any unpaid leave, your award (subject to withholdings as discussed below) will be the amount of the hourly adjustment times 3,045 hours. That is the figure shown on the first page.

But the figure on the first page could be far too high if you work less than 17 and one-half months or far too low if you work a lot of overtime. The amount you receive will be based on your actual work record.

You will have an opportunity to object if you believe that the City's records are incorrect concerning your hours worked or overtime.

Unlike the Damages Class award, the entire Pay Adjustment Class award will be treated as wages, not wages and interest. As such, the entire award is "pensionable." The City will pay the employer's share of employment taxes. Your share of employment taxes will be deducted from your award and your estimated income tax liability on the award will be withheld. If the withholding is inadequate, you will be responsible for payment of additional income taxes, just as with any other wage payment.

> ## ii.    *Labor-Management Committee*

The Settlement Agreement also establishes a labor-management committee. The committee will address issues of concern to FPIs in Local 2507. The committee will work to ensure that FPIs are treated with a level of respect that matches their meaningful contributions to the FDNY and the City.

## B.    Release of Claims

If you are a Settlement Class member and do not "opt out" of the Settlement, you will release claims that the City discriminated in pay against you as an FPI because FPIs were primarily people

of color. The release covers the period from the later of July 1, 2004, or your start date, until the earlier of your last date as an FPI or February 14, 2025. The back of any check that you receive will reaffirm your release. You are not releasing any other types of claims against the City.

**5.**     **Class Counsel**

Damages Class Members are represented in this litigation by Michael Lieder and Cyrus Mehri of Mehri & Skalet PLLC and Robert J. Valli, Jr. Sara Wyn Kane, and Matthew Berman of Valli Kane & Vagnini LLP:

| **Mehri & Skalet, PLLC** | **Valli Kane & Vagnini LLP** |
|---|---|
| 2000 K Street NW, Suite 325 | 600 Old Country Rd., Suite 519 |
| Washington, DC 20006 | Garden City, NY 11530 |
| Phone: (202) 822-5100 | Phone: (516) 203-7180 |

Pay Adjustment Class Members are represented in this litigation by Walter Meginniss, Jessica Harris, and Max Utzschneider of Gladstein, Reif & Meginniss, LLP:

**Gladstein, Reif & Meginniss, LLP**

39 Broadway, Suite 2430,
New York, NY 10006
Phone: (212) 228-7727

Unless you exclude yourself from the Settlement, Class Counsel will continue to represent you in implementing the Settlement at no cost to you. If you wish, you may retain your own attorney at your own expense.

Damages Class Plaintiffs have asked the Court to award Damages Class Counsel attorneys' fees of $8,250,000, which is 30% of the settlement amount less the amount estimated to be paid to Pay Adjustment Class members ($2,600,000). Damages Class Plaintiffs also have asked the Court to award Damages Class Counsel $_____ to reimburse the expenses they incurred litigating this case through October 2023. Damages Class Counsel have been working on this matter since 2019. They have not received any compensation for their services or reimbursement of their out-of-pocket expenses during the almost five years since then. The fees and expenses that the Court awards will be paid from the Settlement Fund and deducted from the total settlement amount.

Pay Adjustment Plaintiffs have asked the Court to award Pay Adjustment Counsel attorneys' fees of $_____ and an additional award of $____ to reimburse expenses they have incurred. If granted, the City would pay these amounts in addition to the $29,907,500 described above. Pay Adjustment Counsel have been working on this matter since January 2024.

You will not be required to pay Class Counsel any additional fees or expenses from your award.

The Court will determine whether each request for fees and reimbursement of expenses is fair and reasonable. You may object to or comment on the awards sought for each group of lawyers.

6. **Service Awards to Class Representatives**

Since the case was filed, the five Damages Class Representatives – Darryl Chalmers, Darren Connors, Glenn Mendez, James Nova, and Fatima Rosemond – have advocated for FPIs. The two Pay Adjustment Class Representatives – Branden Bowman and Sebastian Stack – stepped forward in 2024. Frequently in class cases, class representatives receive "service awards," which are payments in addition to any amounts they may receive as class members because they have devoted substantial time and effort to the investigation and litigation of the claims and have faced possible retaliation for their roles in the litigation. In this case, each Damages Class Representative has spent scores of hours speaking with Class Counsel before the case was filed, answering the written discovery requests of the City, preparing for and being deposed, reviewing and responding to updates from Class Counsel, providing information to Class Counsel on their own initiative, and/or participating in multiple mediation and settlement meetings.

The Class Representatives seek service awards from the settlement account in the amounts of $20,000 for Mr. Chalmers, $15,000 apiece for each of the other four Damages Class Representatives, and $2,500 apiece for the two Pay Adjustment Class Representatives. In addition, they seek a $10,000 service award for class member Michael Reardon, who has devoted many hours of time in communicating with Class Counsel throughout the litigation and in participating in the settlement meetings. The requested service awards total $95,000.

7. **Settlement Hearing**

The Honorable U.S. District Court Judge Analisa Torres will decide whether to approve the settlement after a hearing to be held on _____, 2024, at _____m. at the United States District Court for the Southern District of New York, Courtroom 15D, Daniel Patrick Moynihan Courthouse, 500 Pearl St., New York, NY 10007-1312. The Court will determine whether the settlement is fair, reasonable, and adequate. If the Court approves the settlement, it will enter a judgment concluding the litigation.

At the hearing, the Court also will rule on the motions for fees and expenses for Class Counsel and service awards for the Class Representatives.

You are not required to appear at the hearing. Class Counsel and Class Representatives will appear at the hearing on behalf of all Settlement Class Members at no cost to you. But if you would like to comment on or object to any aspect of the Settlement, you may be heard at the hearing, either by yourself or through a privately paid attorney. Information about how to comment on or object to the settlement is included below. If the Court approves this settlement, the Court's judgment will be final and bind all Settlement Class Members who have not opted out, subject to the right of any class members who objected to the settlement to appeal.

8. **How to Proceed: Your Options**

You may take three actions. You can: (A) do nothing, (B) opt out and exclude yourself from either or both class(es), and/or (C) object to or comment on the settlement.

### A.    Do Nothing

If you do nothing and the Court approves the settlement, you will receive the benefits associated with the class(es) of which you are a member. The parties anticipate that class members will receive their payments in the summer of 2025. If you are a member of both classes, you will receive two checks, one for each class. You will also release your claims as set forth in section 4.B above.

### B.    Opt Out: How Do I Exclude Myself from a Settlement Class?

You may request to opt out, or be excluded, from either or both Settlement Classes. If you opt out from a class, you will not be eligible for any award attributable to that class nor will you release your discrimination claims covered by that class.

To be excluded from this case, on or before _____, 2024 (60 days from Notice mailing date), you must email an opt-out request to the claims administrator, Settlement Services, Inc. ("SSI"), at _____, or mail it to SSI at _____. Any request to opt-out must be signed and include your name, address, telephone number, and email address, state that you wish to opt-out of *Chalmers et al v. City of New York*, No. 20-cv-03389 (AT) (S.D.N.Y.), and which Class you are opting out of. A mailed opt-out request must be dated and signed.

Class Members who submit timely and valid requests for exclusion will have no right to object to the settlement in Court and will no longer be represented by Class Counsel.

### C.    Comment on or Object to the Settlement and, If You Wish, Speak at the Hearing

Class Members may object to or otherwise comment in writing on the settlement and the objection or other comment will be considered by the Court in deciding whether to approve the settlement. This statement must be signed, include your name, address, telephone number, and email address, and include the name and number of this case *(Chalmers et al v. City of New York*, No. 20-cv-03389 (AT) (S.D.N.Y.)). To be considered, on or before _____, 2024 (60 days from Notice mailing date), you must email the statement to SSI at _____, or mail it to SSI at _____.

You need not speak at the hearing for your written objection or comments to be considered by the Court, but you may speak if you wish. To speak at the hearing, you must state in your written objection or comment that you desire to speak or to have an attorney you may retain at your own expense speak on your behalf. If you intend to have an attorney make your comments or objections, your attorney must file a Notice of Appearance with the Court and serve copies by mail to Class Counsel and Defendants' counsel by [____(60 days from Notice mailing date)].

## 9    Retaliation

The City may not retaliate against you or any other Class Member for participating in this case.

10.    <u>**Getting More Information**</u>

If you have questions about the notice generally, please contact the Administrator at 1-800-____-____ or for more substantive questions about the terms affecting the Damages Class, you can get free help by writing to Damages Class Counsel at the addresses above or by emailing mlieder@findjustice.com or calling Michael Lieder at (301) 938-8668. For more substantive questions about the terms affecting the Pay Adjustment Class, you can get free help by writing to Pay Adjustment Class Counsel at the address above or by emailing jharris@grmny.com or calling Jessica Harris at 212 228 7727.

This Notice only summarizes the terms of the settlement. For further information, the following documents are or will be made available for review at www.fpisettlement.com: the amended complaint in this case filed by the Damages Plaintiffs, the complaint-in-intervention filed by the Pay Adjustment Plaintiffs, the Revised Stipulation of Settlement (which includes the complete terms of the settlement), a timeline of deadlines under the settlement, the motion for preliminary approval of the settlement and supporting papers, the revised motion for payment of service awards and supporting papers, the motions for payment of attorneys' fees and reimbursement of expenses and supporting papers, the City's objection (if any) to the motions for attorneys' fees and expenses, Plaintiffs' motion for final approval of the settlement, and any orders that the Court may issue regarding the settlement.

**PLEASE DO NOT CALL OR CONTACT THE COURT, THE OFFICE OF THE CLERK OF COURT, OR THE FDNY WITH QUESTIONS REGARDING THIS NOTICE.**

Dated: [____]

_____
The Honorable Analisa Torres
United States District Court Judge
United States District Court for the
Southern District of New York

10

# EXHIBIT B

# TO STIPULATION OF SETTLEMENT

INSERT ADMINISTRATOR'S LETTERHEAD

INSERT DATE

INSERT PAY ADJUSTMENT CLASS MEMBER'S
NAME AND ADDRESS

Re:    *Chalmers et al. v. City of New York:*
       Pay Adjustment Award Explanation

Dear _____:

A check in the amount of $_____ is enclosed as a result of your membership in the *Chalmers v. City of New York* employment discrimination class action lawsuit. It is your Pay Adjustment Award for the period from September 1, 2023 through February 14, 2025. If you were a Fire Protection Inspector before September 1, 2023, you are receiving another check covering the period that precedes September 1, 2023, but this letter concerns only the Pay Adjustment Award.

Important information related to the Pay Adjustment Award is below.

**Calculation of Your Pay Adjustment Award**

The first check for the Pay Adjustment award has been calculated based on the City's records related to your work during the period between September 1, 2023 and February 14, 2025, when you were working in the title _____.  Those records show that, excluding any time prior to graduation from the Fire Protection Academy, you were paid for _____ straight-time hours and _____ overtime hours during that period.

An expert appointed by the Court used that information and the pay adjustment hourly rates set out in the settlement to calculate your Pay Adjustment Award. Employment taxes, your pension contribution, and income taxes have been withheld from your award to arrive at the amount in your check.

**Your Right to Question this Pay Adjustment Award**

If you think that the City's records concerning your job title or straight-time or overtime hours are incorrect, or for some other reason your Pay Adjustment award is incorrect, you may challenge the award. To do so, send your challenge to the Settlement Administrator, at INSERT CONTACT INFORMATION on or before _____ [21 days after the date of this letter]. You must include credible documentary evidence that supports your contention that the City's records are incorrect. In addition to sending the challenge to the Administrator, send copies of your challenge to

1

1. The Pay Adjustment lawyers: Jessica Harris and Max Utzschneider, at jharris@grmny.com and mutzschneider@grmny.com;

2. The City Corporation Counsel: Lora Minicucci, at lminicuc@law.ny.gov;

3. The Damages Class lawyers: Michael Lieder and Sara Wyn Kane, at mlieder@findjustice.com and skane@vkv.law.

The lawyers may reach out to you for more information and may supplement your submission about the alleged inaccuracy, but you must submit ALL information that you want reviewed in support of your claim when you submit the challenge.

The information you submit in support of your challenge will be reviewed and compared against the City's records (which are presumed to be accurate unless you show they are incorrect). A decision will then be made whether your award should be increased. That decision will be final.

Should you have any questions about any of the above, please contact us or the lawyers for the Pay Adjustment Class using the contact information above.

[ADMINISTRATOR SHALL ADD IN THE LANGUAGE THAT THE ADMINISTRATOR TYPICALLY INCLUDES RELATING TO THEIR NOT PROVIDING TAX ADVICE…ETC.]

Very truly yours,

Administrator

# EXHIBIT C

# TO STIPULATION OF SETTLEMENT

**SETTLEMENT TIMELINE –**
**CHALMERS ET AL. V. CITY OF NEW YORK[2]**

| EVENT | PROPOSED TIMING |
|---|---|
| Execution of Stipulation of Settlement | July __, 2024 |
| Plaintiffs to file papers supporting preliminary approval ("PA") (II.1) | 7 days after Stipulation of Settlement is executed |
| Plaintiffs to file papers supporting service awards (V.1) | 14 days after Stipulation of Settlement is executed |
| Expert to identify any additional information needed to estimate awards for Damages Class members (IV.7) | 14 days after Stipulation of Settlement is executed |
| Damages Plaintiffs to file papers supporting payment of fees and reimbursement of expenses for Damages Counsel (V.2) | 14 days after submission of motion for preliminary approval of the Revised Settlement |
| Pay Adjustment Plaintiffs to file papers supporting an award of fees and reimbursement of expenses for Pay Adjustment Counsel (V.2) | 14 days after submission of the motion for preliminary approval of the Revised Settlement |
| City to provide the Administrator and the Expert with Damages Class and Pay Adjustment Class data spreadsheets (IV.7, 12) | 28 days after Stipulation of Settlement is executed |
| Administrator, Damages Counsel, and/or City's Counsel to provide Expert with any additional information requested by Expert (IV.8) | 28 days after Stipulation of Settlement is executed |
| Expert to calculate estimated Damage Class awards and Pay Adjustment amounts and provide to All Counsel and Administrator (IV.4) | 42 days after the Stipulation of Settlement is executed |
| All Counsel and Administrator to review damage estimates and comment as needed (IV.7) | 7 days from receiving calculations from Expert |
| Preliminary Approval | TBD |
| Class Counsel to provide documents to Administrator for website (X.1) | 7 days after PA |
| City to provide class member lists for both Settlement Classes to the Administrator (X.2) | 10 days after PA |
| Local 2507 to notify members of proposed settlement (X.5) | 10 days after PA |

---

[2]    The wording in this timeline is abbreviated. Insofar as it results in any inconsistencies between the timeline and the provisions in the Stipulation, the Stipulation will control.

| | |
|---|---|
| Class Administrator to create static website (X.3) | 10 days after PA |
| Administrator to mail and email Notice to the Settlement Classes (X.2) | Later of 10 days after receipt from City of names and contact information or 10 days after Expert calculates estimated Settlement Class awards |
| Administrator to create QSF (III.1) | 30 days after PA |
| Returned notices to be remailed (X.4) | Within 7 days of return receipt by Administrator |
| First Funding of the QSF with 10% of the Gross Settlement Amount ($3,000,000.00) (III.4) | 45 days after PA |
| Comment, Objection and Opt-out deadline (XI.1, XII.1) | 60 days after the mailed date of the Notice |
| City must make decision on opt-out "blow" provision (XI.3) | 5 days after the end of the Opt-out Period. |
| Administrator to submit declaration to All Counsel on effectuation of Notice and on Opt-outs (X.6) | 28 days before Fairness Hearing |
| Motion for Final Approval (II.2) | 14 days before Fairness Hearing |
| Fairness Hearing (Proposed Order ¶ 16) | TBD (at least 110 days following Preliminary Approval) |
| Final Approval Order ("FAO") | TBD |
| Effective date of Final Approval Order (I.16) | 30 days after entry of the FAO (unless there are appeals) |
| Releases become effective and case dismissed subject to retention of jurisdiction to enforce (IX.1, IX.4) | On the Effective Date |
| Payment of $22,807,500.00 by the City into the QSF (III.4) | 15 days after Effective Date |
| Parties to have formed Labor-Management Committee (VIII.1) | 30 days after Effective Date |
| Administrator to pay Representatives' Distributions to service award recipients and Damages Class Counsel (V.4) | 30 days after Effective Date |
| City to pay Court-awarded fees and expenses to Pay Adjustment Counsel (V.5) | 30 days after Effective Date |
| Payment of $4,100,000.00 by the City into the QSF (III.4) | 60 days after Effective Date |
| City to provide the Expert, All Counsel, and the Administrator with data allowing calculation of Pay Adjustment Class awards (IV.13) | March 19, 2025 |
| City to notify the Administrator of any liens against a Settlement Class member (VII.6) | March 26, 2025 |

| | |
|---|---|
| Administrator to notify any class member with a lien (VII.6) | April 2, 2025 |
| Pay Adjustment Counsel to identify any disagreements with records for Pay Adjustment awards (IV.14) | April 9, 2025 |
| Class Member deadline to challenge lien assessment (VII.6) | April 14, 2025 |
| Administrator to decide any objections to Pay Adjustment awards raised by Pay Adjustment Counsel (IV.14) | April 16, 2025 |
| Administrator to mail Pay Adjustment Letters (IV.15) | April 23, 2025 |
| Pay Adjustment Class members may submit objections to pay adjustment awards (IV.16) | Within 21 days after Pay Adjustment Letters are mailed |
| Counsel may submit position statements about objections to Pay Adjustment awards (IV.16) | Within 26 days after Pay Adjustment Letters are mailed |
| Administrator to decide any objections (IV.16) | Within 31 days after Pay Adjustment Letters are mailed |
| City to inform NYCERS of amounts of awards to each Pay Adjustment Class member (IV.17) | Three business days after Administrator decides any objections |
| Administrator to inform Expert of amount of money available for distribution to Damages Class members (IV.20) | June 2, 2025 |
| Expert to inform Administrator and All Counsel of amounts of awards to each Damages Class member and allocation between backpay and interest (IV.21) | June 16, 2025 |
| Counsel to review and approve awards to Damages Class members (IV.22) | June 23, 2025 |
| Administrator to inform City of amount of Employer Payroll Tax contribution (III.5) | June 23, 2025 |
| City to inform NYCERS of amount of awards for each Damages Class member (IV.22) | June 26, 2025 |
| NYCERS or the City to inform Administrator of the amount of each Settlement Class Member's required pension contribution and wire instructions for NYCERS (IV.23, VII.3) | TBD (no stated deadline) |
| City to make tax payment to QSI (III.5) | Five days after City informs Administrator of pension contributions |
| Class Distributions (IV.24) | Ten days after City informs Administrator of pension contributions |
| Administrator to make employment tax payments to government agencies (III.5) | One day after Class Distributions |
| Administrator to mail pay stubs to Settlement Class Members (VII.8) | Within 7 days after Class Distributions |
| Administrator to pay pension plan contributions to NYCERS (VII.3) | Within 14 days after Class Distributions |

3

| | |
|---|---|
| Administrator to report to All Counsel about distributions to settlement class members in prior month and do likewise in each following month until end of distribution process (VII.10) | Within month following, as indicated |
| Last date to issue stop payment order on Checks to Settlement Class Members and reissue new Checks (IV.26) | Four months after Class Distributions |
| Last date for mailing checks to Settlement Class Members who did not receive checks for any reason (IV.25) | Four months after Class Distributions |
| Cashing Checks (IV.33) | Recipients shall have six months to negotiate their checks before unclaimed checks placed into NYS unclaimed funds for the individual. |

# EXHIBIT D

# TO STIPULATION OF SETTLEMENT

# PROPOSED ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DARRYL CHALMERS, DARREN CONNORS, GLENN MENDEZ, JAMES NOVA, FATIMA Q. ROSEMOND, and AFSCME DISTRICT COUNCIL 37 LOCAL 2507, <br><br>                         Plaintiffs, <br><br> And <br><br> BRENDAN BOWMAN and SEBASTIAN STACK, <br><br>                         Intervenors-Plaintiffs, <br><br>         v. <br><br> THE CITY OF NEW YORK, <br><br>                         Defendant. | Case No. 20 Civ. 3389 (AT) |

**[PROPOSED] ORDER**

Upon consideration of Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement ("Motion"), Plaintiffs' supporting memorandum, the proposed Revised Stipulation of Settlement, the proposed Revised Notice, the proposed Pay Adjustment Letters, the proposed Revised Timeline, and the entire record in this case, it is hereby ORDERED that the Motion is GRANTED.

The Court makes the following findings and rulings:

1

1.     The parties' proposed Revised Stipulation of Settlement, which, among other things, requires the City to pay a total of $29,907,500 (the "Settlement Amount") to be deposited into a qualified settlement fund for the benefit of Settlement Class Members, for payment of service awards to Class Representatives and one class member, and for payments of fees and expenses to the Administrator, the Expert, and Damages Counsel, is within the range of a settlement that is fair, adequate, and reasonable to Settlement Class Members. The Stipulation shall be submitted to Settlement Class Members for their consideration and then be the subject of a fairness hearing under Fed. R. Civ. P. 23(e) ("Fairness Hearing").

2.     There are two proposed Settlement Classes: the "Damages Class" and the "Pay Adjustment Class." The "Damages Class" is defined as all persons whom the City employed as a fire protection inspector or associate fire protection inspector (together "FPI") in the Fire Department of New York at any time between May 1, 2017 and August 31, 2023. The five proposed representatives of the Damages Class – Darryl Chalmers, Darren Connors, Glenn Mendez, James Nova, and Fatima Rosemond – ask that the class be certified under Fed. R. Civ. P. 23(b)(3).

3.     The Court provisionally finds that the Damages Class satisfies all the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for the same reasons that the Court certified the class in its Order of September 19, 2022 (ECF No. 98), as the only difference between the certified class and the proposed Damages Class is the end date of the class period: August 31, 2023 instead of September 19, 2022.

4.     The "Pay Adjustment Class" is defined as all persons whom the City has employed as a fire protection inspector or associate fire protection inspector in the Fire Department of New York at any time between September 1, 2023 and February 14, 2025, except that persons who are

attending or will attend the Fire Protection Academy during that period will not become class members until they graduate. The proposed representatives, Branden Bowman and Sebastian Stack, ask that the class be certified under Fed. R. Civ. P. 23(b)(3).

5. The Court provisionally finds that the Pay Adjustment Class satisfies all the requirements of Fed. R. Civ. P. 23(a) and (b)(3), as follows:

a. The Pay Adjustment Class has more than 350 members, a sufficiently large number that joinder of all of them would be impractical.

b. The Class's claims appear to raise common questions of law and fact substantially similar to those raised by the claims of the class certified on September 19, 2022 and the proposed Damages Class, including but not limited to: Are the FPI and construction building inspector jobs substantially similar? Does the City pay FPIs less on average than it does similarly situated construction building inspectors? Does the City pay FPIs less than similarly situated construction building inspectors because of differences in the racial composition of both workforces?

c. The claims of Mr. Bowman and Mr. Stack appear to be typical of the claims of Class members for the same reasons that the Court found the Damages Plaintiffs' claims to be typical of those of the certified class, namely, that they have been subject to the same policies and practices as the other Pay Adjustment Class members.

d. The representatives and their counsel appear to be adequate representatives of the Pay Adjustment Class. The representatives appear to have no potential conflict that would inhibit them from seeking full relief for the Pay

Adjustment Class because they are not also members of the Damages Class. Their attorneys, Walter Meginniss, Jessica Harris, and Max Utzschneider of Gladstein, Reif, & Meginniss LLP, are experienced employment and labor lawyers with ample class action experience and have not represented the Damages Class at any time in this litigation.

e.    The questions raised by the claims of the Pay Adjustment Class that are common to its members appear to predominate over questions raised by those claims that are individualized in nature. These questions, three of the most important of which are listed in subparagraph b above, appear to predominate for substantially the same reasons that the Court identified in its Order of September 19, 2022.

f.    In addition, litigating, or in this case resolving, the claims of the Pay Adjustment Class on a class basis is superior to other available means to litigate the claims. The manageability of a class action is not an issue in the settlement context, no FPIs have initiated individual pay discrimination actions or have an interest in doing so given the costs of litigation, and it makes sense to concentrate the litigation in this District.

6.    Certification of the two Settlement Classes is provisional pending final approval of the Settlement.

7.    The Revised Notice is approved as appropriate notice to the Settlement Classes. The Administrator shall send the Notice to Settlement Class Members as set forth in the Revised Stipulation of Settlement.

8.    The Notice sets forth the procedures pursuant to which Settlement Class Members may exclude themselves ("opt out") under the Revised Stipulation. Settlement Class Members may exclude themselves from one class or both. By _____, 2024, class members must send their requests for exclusion by mail or email.

9.    The Notice sets forth the procedures pursuant to which Settlement Class Members may comment on or object to the terms of the Stipulation of Settlement. By _____, 2024, class members must send their comments and/or objections by mail or email.

10.    The Notice informs Settlement Class Members that they need not take any steps in order to receive monetary benefits under the Revised Stipulation of Settlement.

11.    The Notice informs Settlement Class Members that Plaintiffs are requesting service awards out of the Settlement Amount for themselves and one other class member, totaling $95,000, which the parties negotiated over and agreed upon.

12.    This Notice also informs Settlement Class Members that the five Damages Class Plaintiffs are seeking an award of attorneys' fees for Damages Class Counsel in the amount of $8,250,000, which is 30% of the $27,500,000 of the Settlement Amount not estimated to be paid to members of the Pay Adjustment Class. They also ask the Court to order that Damages Class Counsel's expenses, currently $_____, be reimbursed. Finally, they ask that the fees and expenses be paid out of the qualified settlement fund.

13.    Finally, the Notice also informs Settlement Class Members that the Pay Adjustment Plaintiffs have filed a motion seeking an award of reasonable attorneys' fees and reimbursement of expenses for the attorneys for the Pay Adjustment Class in an amount to be determined by the Court. The motion seeks a total of not more than $115,000.00 in fees and reimbursement of

expenses. Should the Court grant that motion, the City is to pay these amounts in addition to their payments into the qualified settlement fund.

14.     The Court will consider these requests for payments of service awards, attorneys' fees, and expenses at the Fairness Hearing. The briefing on the motions for service awards and for attorneys' fees and expenses, like the preliminary approval briefing, shall be made available to the Settlement Classes and the public via the website the Administrator will set up at www.fpisettlement.com.

15.     Not later than _____  __, 2024 [not later than 14 days before the Fairness Hearing], Plaintiffs shall file a motion for final approval of the settlement and one or more supporting memoranda addressing any comments or objections to the Stipulation of Settlement and to the motions for Plaintiffs' service awards and Damages Counsel's fees and expenses.

16.     The Fairness Hearing shall be held on _____ [any time after 110 days following preliminary approval] at _____ A.M. / P.M. before the Honorable Analisa Torres at the United States District Court for the Southern District of New York, Courtroom 15 D, Daniel Patrick Moynihan Courthouse, 500 Pearl St., New York, NY 10007-1312, to consider the motion for final approval of the proposed Settlement, Plaintiffs' motion for service awards, and the motions for awards of attorneys' fees and expenses filed by the Damages Plaintiffs and the Pay Adjustment Plaintiffs. The procedures for Settlement Class Members to appear at the Fairness Hearing are set forth in the Notice.

17.     Pending the outcome of the Fairness Hearing, all Settlement Class Members are temporarily enjoined from commencing, prosecuting or maintaining any claim already asserted in, and encompassed by, this lawsuit, and all Settlement Class Members (including those who request exclusion) are temporarily enjoined from commencing, prosecuting, or maintaining in any court

or forum other than this Court any claim, action or other proceeding that challenges or seeks review or relief from any order, judgment, act, decision or ruling of the Court in connection with this Revised Stipulation of Settlement or otherwise in connection with this lawsuit. The statute of limitations shall not run against any such claims during the pendency of this temporary injunction.

**SO ORDERED.**

Date: _____

_____

**Analisa Torres**
**United States District Judge**