UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

DARRYL CHALMERS, DARREN CONNORS, GLENN MENDEZ, JAMES NOVA, and FATIMA Q. ROSEMOND, on behalf of themselves and all others similarly situated, and AFSCME DISTRICT COUNCIL 37 LOCAL 2507, on behalf of its members,

**DECLARATION OF LORA MINICUCCI**

20 Civ. 3389 (AT) (GWG)

Plaintiffs,

-against-

CITY OF NEW YORK,

Defendant.

------------------------------------------------------------------------x

**LORA MINICUCCI** declares, pursuant to 28 U.S.C. § 1746 and subject to the penalties of perjury, that the following is true and correct:

1. I am a Senior Counsel in the office of the MURIEL GOODE-TRUFANT, Acting Corporation Counsel of the City of New York, attorney for defendant in the above-captioned action.

2. I submit this declaration in opposition to Class Counsel's motion for attorneys' fees.

3. When reviewing Class Counsel's billing records for this motion, *see* Dkt. Nos. 124-2, 125-2, 125-3, 183-1, and 184-1. I created an Excel spreadsheet to determine an adjusted fee according to a lodestar analysis for the Southern District of New York. *See* Def. Memo. at Point II(D). This spreadsheet is annexed hereto as Ex. A.

4. To calculate the adjusted lodestar, I addressed each firm separately.

5. First, for the Valli Kane & Vagnini, LLP ("VKV") staff, I did not reduce their partners' hourly billing rate. So, row 9: column H - or "H9" – of Ex. A depicts the VKV

partners' total fees at the hourly rate they billed in this case, and L9 shows those fees reduced by 20 percent to reflect the 20 percent reduction of hours. *See id.* at L9.

   6. However, based on precedent in the Southern District of New York, I determined a more appropriate billing rate for their law clerk, Victoria Hyppolite, and reduced her hourly rate from $200 to $100. *Id.* at row 10: columns I and J. To determine Ms. Hyppolite's adjusted total billing amount of $4,480 depicted in cell L10, I, divided the amount she billed for in this case ($11,200 depicted in cell H10) by her original rate ($200 depicted in cell I10) (yielding the total number of hours she billed) and multiplied that number by her adjusted hourly rate ($100 depicted in cell J10). This formula can be found in the fx bar at the top of the document when clicking on the K10 cell. *Id.* at K10. Then, I reduced that amount by 20 percent to reflect the reduction of hours, and I did this by multiplying the amount in K10, $5,600, by 0.8, which is reflected by the formula provided for the cell L10. *Id.* at L10.

   7. Then, to determine VKV's total adjusted fees in the amount of $377,873 as depicted by cell L12, I added the amounts in cells L9 (representing the total adjusted fees for VKV partners) and L10 (representing the total adjusted fees for Ms. Hyppolite). *Id.* at L12.

   8. Second, for the Mehri & Skalet ("M&S") staff, I determined a more appropriate billing rate for each of them, as depicted by column J compared with column I in rows 14 through 24, and I performed the same calculations to determine their ultimate adjusted fees as explained in ¶ 7. *Id.* at K11 – L25.

   9. Then, to determine M&S's total adjusted fee of $1,954,785 as depicted by cell L26, I added the amounts in cells L14 through L25. *Id.* at L26.

10. Then, to determine the total adjusted fee for Class Counsel of $2,332,658 as depicted by cell L29, I added the amounts in cells L12 (representing total adjusted VKV fees) and L27 (representing total adjusted M&S fees). *Id.* at L28.

11. To determine to average net award per class member if Class Counsel's fee petition was granted in full – or $37,679.01, *see* Def. Memo. at p. 14, I subtracted the total amount of fees and expenses sought from the total settlement amount of $27,500,000 and divided the result by the number of certified class members (507), *see* Dkt. No. 62 at p. 13 *citing* Pl. Expert Report, Dkt. No. 62-10, at pp. 10-11.

12. To determine to average net award per class member – or $53,753.97 if Class Counsel's fee petition was reduced to the adjusted lodestar, *see* Def. Memo. at p. 14, I subtracted the total amount of expenses sought and the adjusted fees from the total settlement amount of $27,500,000 and divided the result by the number of certified class members (507), *see* Dkt. No. 62 at p. 13 *citing* Pl. Expert Report, Dkt. No. 62-10, at pp. 10-11.

Brooklyn, New York
August 23, 2024

/s/ Lora Minicucci

**LORA MINICUCCI**