**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
DARRYL CHALMERS, DARREN CONNORS,
GLENN MENDEZ, JAMES NOVA, FATIMA
Q. ROSEMOND, and AFSCME DISTRICT
COUNCIL 37 LOCAL 2507,

                          Plaintiffs,

                         and

BRANDEN BOWMAN and SEBASTIAN
STACK,

                         Intervenor-Plaintiffs,

                         -against-

THE CITY OF NEW YORK,

                         Defendant.
------------------------------------------------------------------------X

**20 Civ. No. 3389 (AT) (GS)**

**<u>ORDER</u>**

**GARY STEIN, United States Magistrate Judge:**

      The Court is in receipt of (1) class counsel Mehri & Skalet's ("M&S") pre-motion letter (Dkt. No. 216) requesting an expedited briefing schedule in support of M&S's anticipated motion for an order requiring the court-appointed Administrator, Settlement Services, Inc. ("SSI"), to fulfill its obligations under the Stipulation of Class Action Settlement (Dkt. No. 168-1 ("Settlement Agreement")) that was so-ordered by the Court (Dkt. No. 211); and (2) SSI's letter in response, which argues, *inter alia*, that the Court lacks jurisdiction to consider M&S's requested relief (Dkt. No. 219).

      The Court is skeptical of SSI's argument that M&S's proposed motion is a disguised action "for damages for alleged wire fraud liability." (Dkt No. 219 at 2). Rather, the Court understands M&S's proposed motion to be one to enforce SSI's obligations to make

payment of M&S's attorneys' fees and expenses as required under Paragraph V.4 of the Settlement Agreement.  (Dkt. No. 168-1 at 23).  Under Paragraph IX.4, the Court retained jurisdiction over this action "for the purposes of entering orders and judgments that may be necessary to implement or enforce the relief and rights provided in this Revised Stipulation of Settlement, until all obligations under the Revised Stipulation have been satisfied."  (*Id*. at 29).  If, as M&S alleges, SSI violated its obligations to pay M&S's attorneys' fees and expenses owed under Paragraph V.4, then the Court would appear to have jurisdiction to enforce M&S's rights under the Settlement Agreement by requiring payment of such fees and expenses.  *See Erie Ins. Co v. WAWGD, Inc.*, Civil Action No.: EA-22-1783, 2024 WL 1856155 (D. Md. Apr. 29, 2024) (granting plaintiff's motion to enforce settlement agreement where defendant mistakenly paid settlement funds to imposter); *Ostrich Int'l Co., Ltd. v. Michael A. Edwards Grp. Int'l Inc.,* 2:21-cv-639-JVS(ASx), 2023 WL 4025870 (C.Ed. Cal. May 18, 2023) (same), *aff'd*, 2024 WL 2237734 (9th Cir. May 17, 2024). [1]

      SSI also suggests that the Court would lack jurisdiction over it because it "is not a party to this Action."  (Dkt. No. 219 at 2).  However, as the Administrator appointed to "administer the Settlement and the QSF" (Dkt. No. 168-1 at 2), SSI undertook to perform a series of obligations set forth in the Settlement Agreement, including, as argued by M&S, the obligation to pay M&S's attorneys' fees and expenses under Paragraph V.4.  As such, the Court assumes it has jurisdiction over SSI to require it to perform its obligations under the Settlement Agreement.  Further, SSI's argument that its only obligation is to pay out

---

[1] At the same time, any relief M&S could seek from this Court in this action would necessarily be in the nature of enforcing the Settlement Agreement.  M&S would be unable to seek remedies in tort, like the plaintiffs in some of the other cases cited in M&S's letter.

"funds from the QSF," and that it cannot be ordered to "make payments from SSI's own funds" (Dkt. No. 219 at 2), has little appeal. The only reason that the funds are no longer in the QSF is that SSI allegedly wrongfully diverted the funds to a third party. While faulting M&S for "cit[ing] no law to support that this Court can properly issue . . . an order or judgment" against SSI in these circumstances, SSI likewise cites no law to support its position that the Court is powerless in these circumstances.

Nevertheless, the Court recognizes that SSI has raised an issue going to the Court's subject-matter jurisdiction; that this issue has not been fully briefed by the parties; and that this case differs from the *Erie Ins. Co.* and *Ostrich Int'l Co.* cases cited above in that SSI (unlike the defendants in those cases) is not a party to this action. Accordingly, the Court believes it is appropriate to receive additional briefing on the threshold jurisdictional question and, notwithstanding the comments above, reserves judgment on the jurisdictional question.

In addition, the Court agrees with SSI that summary adjudication of the parties' rights and obligations, in the manner suggested by M&S, is unwarranted. M&S's proposed expedited briefing schedule is far too compressed given the legal and factual complexities involved in the dispute it has brought to the Court' attention. That dispute should be resolved on a proper factual record.

Accordingly, the Court orders as follows:

1. M&S shall file a letter brief, of no more than five single-spaced pages, on the issue of jurisdiction by Wednesday, August 13, 2025.

2. SSI shall respond to M&S's submission by filing a letter brief, also of no more than five single-spaced pages, by Wednesday, August 20, 2025.

3. The Court shall conduct a video conference in this matter on **Thursday, August 28, 2025 at 10:00 a.m.** The parties are directed to join the conference via Microsoft Teams at the scheduled time using the following link: **Join the meeting now. [Meeting ID: 264 570 698 724 2] [Passcode: GM9Us7gH].** The parties shall be prepared to discuss what, if any, discovery would be appropriate on M&S's motion should the Court determine that it has jurisdiction to entertain the motion.

**SO ORDERED.**

DATED:  New York, New York
August 4, 2025

_____
The Honorable Gary Stein
United States Magistrate Judge